CASE 23.—ACTION BY THE COMMONWEALTH OF KENTUCKY BY ARTHUR E. HOPKINS, REVENUE AGENT, AND JOSEPH SELLIGMAN, COUNTY ATTORNEY OF JEFFERSON COUNTY, AGAINST J. WILL GAULBERT'S ADMINISTRATOR.—June 1, 1909.

## Commonwealth v. Gaulbert's Admr.

134    157
136    692

Appeal from Jefferson Circuit Court (Chancery Branch, Second Division).

SAMUEL B. KIRBY, Judge.

Judgment for defendant, plaintiff appeals.—Reversed.

1.  Taxation—Inheritance Tax—Time for Filing Appraisement.— Ky. St. 1909 Sec. 3855, making it the duty of a personal representative of a decedent to return an inventory within three months after qualification as such, should be read in connection with the inheritance tax law (Ky. St. 1909, Secs. 4281a-4281s, incl. [Russell's St. Secs. 6117-6131]), and three months after qualification of a personal representative is a reasonable time within which to require a statement of the charac-

ter and value of the property subject to an inheritance tax, and the names of the distributees or devisees to be filed, and, if the statement is not filed within such time, the county court may take such proceeding by rule as may be necessary to compel the statement to be filed, and this independent of the power conferred on the court by section 4281k, authorizing it to have an appraisement of the estate made at any time after three months from decedent's death, or before that time if necessary to secure payment of the tax.

2. Taxation—Inheritance Tax—Persons Entitled to Collect—Revenue Agent.—Under Ky. St. 1909, Sec. 4263, making it the duty of a revenue agent when directed by the state auditor to institute proceedings against any delinquent officer or other person to recover money due the Commonwealth and section 4267, making it the duty of the auditor to prosecute the collection of back taxes, etc., or other demands due the Commonwealth, and authorizing him to direct revenue agents to do so, a revenue agent may, when directed by the auditor, institute such proceedings as may be necessary to collect an inheritance tax and collect the penalties allowed for the collection of other delinquent taxes, notwithstanding it would seem to follow from the fact that sections 4241 and 4260 limit the authority of a revenue agent to causing to be listed for taxation property omitted by the assessors, board of supervisors, board of valuation, or railroad commission, that neither of such officers or boards have any duties to perform in connection with the appraisement of property for the purpose of an inheritance tax, and that the revenue agent could not institute any proceeding for the collection of an inheritance tax.

3. Taxation—Inheritance Tax—Time When Payable.—The inheritance tax law Ky. St. 1909, Sec. 4281b, provides for the payment of an inheritance tax upon the estates therein described, or its postponement by the execution of a bond, Section 4281d provides that all taxes imposed by that act, unless otherwise provided for, shall be due at decedent's death, and, if paid within 18 months no interest shall be charged, but if not so paid, 10 per cent. interest shall be charged from decedent's death, and that, where the personal representative shall not pay the tax within such 18 months, he shall be required to give bond as prescribed by section 4281b. Section 4281e provides that the penalty of 10 per cent. shall not be charged where, because of claims against the estate, necessary litigation or other unavoidable cause, the estate cannot be settled. Section 4281f provides that when a per-

Commonwealth v. Gaulbert's Adm'r.

sonal representative pays or delivers to the distributee or devisee any estate subject to the tax, he must retain or collect the amount of such tax. Section 4281h requires the personal representative to pay over to the sheriff or collector within 30 days any sum retained or collected by him as an inheritance tax. Held, that unless a part of the estate has been paid out or delivered, thereby making the tax due 30 days thereafter, or unless it becomes due under section 4281b, the act does not compel payment of the tax until 18 months after decedent's death, and that its payment may be postponed beyond 18 months if the conditions described in sections 4281b or 4281e exist, and that, even if those sections are not applicable, its payment may be postponed for more than 18 months by the execution of a bond, as provided by section 4281d, but that, if such bond is executed, the tax will bear 10 per cent. interest from decedent's death.

4. Parties—Misjoinder of Parties Plaintiff—Demurrer—Motion to Strike.—The joinder of a revenue agent with the county attorney in a proceeding to appraise an estate and collect an inheritance tax did not render the petition bad on demurrer, though a motion to strike the name of the revenue agent would have been proper.

M. J. HOLT for appellant.

JOSEPH SELLIGMAN of counsel.

### POINTS AND AUTHORITIES.

1. The cause of action is not to collect the tax, but to ascertain the amount of the estate. To fix the amount of the tax, the time of payment of the tax has nothing to do with the right to sue to ascertain the tax. Dos Passos' Inheritance Tax Law, Sec. 66, pp. 397, 211, 212; Kentucky Stat., Secs. 4046, 4023, 4064; Acts 1906, Chap. 22, Art. VIII, Sec. 20 (Date amended to Dec. 1st, Acts 1908); Acts, 1906, Chap. 22, Art XVII, Sec. 4 (227).

2. When does the state's cause of action accrue to ascertain the amount of the tax? Acts of 1906, Chap. 22, Art. XIX, Secs. 2, 4, 5, 7, 8, 9; Dos Passos' Inheritance Tax Law, Sec. 42, pp. 235, 236, Sec. 66. p. 387; Sec. 68, pp. 411, 413, 416, 368, 369, 374, 210; Kentucky Stat. Sec. 4241; In re Line's Estate, 155 Pa. St. 385; In re Mellon's Estate, 114 Pa. St. 570 to 573; In re Vassar, 127 N. Y. 7, 8; Frazer v. People (Surr.), 3 N. Y. Supp. 134; Commonwealth v. Ryan's Exors., 31 Ky. L. R. 1070, 1071; Arnold's Exors. v. Commonwealth, 80 Ky. 135; Commonwealth v. Adams Express Co., 30 Ky. L. R. 309.

3. Has a state revenue agent the right to institute an action to ascertain the amount of the tax or to recover the tax? Acts of 1906, Chap. 22, Art. XIX, Secs. 11, 14, 6, 15; Kentucky Stat., Secs. 4241, 4260, 4263, 4267; Acts of 1906, Chap. 22, Art XVII, Secs. 4, 5, 6, 10, 12; Dos Passos Inheritance Tax Law, Sec. 66, pp. 386, 387, 395; Commonwealth v. Central Consumers Company, 28 Ky. L. R. 1364-5; In re Wolf, 137 N. Y. 211, 212; Hager, Auditor, v. Lucas, 27 Ky. L. R. 711.

TRABUE DOOLAN & COX for appellee.

### POINTS AND AUTHORITIES.

1. (a.) The revenue agent has no power to maintain a proceeding to assess an inheritance tax, that duty being devolved upon personal representatives or beneficiaries; and they failing, upon county attorney. Acts 1906, Art. XVII, Secs. 14 and 15, page 247.

(b.) The revenue agent's duties are to cause to be listed property omitted "by the assessor, board of supervisors, board of valuation and assessment, or railroad commission;" an inheritance tax is not, therefore, included. Acts 1906, Art XVII, pp. 226, 227.

(c) The revenue agent may sue for moneys due the Commonwealth, if specially instructed in writing by the auditor so to do (Acts 1906, Secs. 7, 10, pp. 231, 232), but this is a proceeding to collect money claimed to be due the agent and not due the Commonwealth; and the county court has no jurisdiction of a demand for the recovery of $13,000.00, and the auditor no right to authorize the suit.

2. If there were capacity to sue, this proceeding is not maintainable.

(a.) No officer. is deputed to sue for the county attorney—and his duty only begins "after the failure or refusal of the persons interested in the property liable to said tax to pay the same." Sec. 15, p. 247. It is not averred that any default exists, nor, indeed that the tax has not been paid; there is no presumption, therefore, of the condition precedent for even the county attorney's proceeding.

(b.) Any proceeding for a penalty within eighteen months is premature. Section 4 even providing a discount for prompt payment, within nine months (Sec. 4, p. 242). There is no penalty but 10 per cent. and that accrues only after eighteen months (Sec. 5, p. 243), and 20 per cent. is unheard of. Even eighteen months does not beget the penalty if litigation, etc., prevent earlier set-

tlement of estate. Sec. 5, p. 243. Interest on unpaid taxes is a penalty. Woolley v. City, 114 Ky. 568.

(c.)   Sec. 8, requiring payment within thirty days of sum retained by or paid to personal representative "for tax on property" is inapplicable because no sum is "retained for such purpose"; and plaintiff's claim of distribution of "material part" of estate is unavailing. L. & N. v. Commonwealth, 99 Ky. 132; Commonwealth v. L. & N. R. R., 46 S. W. 700; 20 K. L. R. 491.

(d.) Ky. Stat. 2065, 3859, 3860 show a policy forbidding appellant's contention concerning the Inheritance Tax Law.

3. No court proceeding on behalf of the Commonwealth, or any officer is authorized except that prescribed in Sec. 15 which is permitted only "after the failure or refusal of the persons interested * * * to pay the same," when the sheriff or collector must refer the matter to county attorney for his opinion and action; and there is no claim 'in the statement or amendment of failure to pay, or that this tax is unpaid. As to ad valorem taxes machinery—including dates for assessment—is provided.

4.   Provisions like Sec. 2 and Sec. 11 for appraisement in exceptional cases are not in point.

5.   The State is secured by the bond of personal representative, and lien upon the property, and expressly provides for bond where it desires bond, Sec. 4.

6.   The term "collector" means substitute for sheriff. His duties are to notify county attorney. He is no more a revenue agent than he is a county attorney. Their duties are distinct.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

The questions presented by this record involve those parts of the inheritance tax law now sections 4281a to 4281s, inclusive, of the Kentucky Statutes of 1909, that relate to the appraisement of the estate, the time when the tax is payable and the penalties that attach for failure to pay when due, the officers who may institute proceedings to have the estate appraised and collect the tax, and the penalties, if any, they may collect as commission or compensation.

Taking up first the question of when administrators, executors, or trustees having in their custody any estates upon which an inheritance tax is due, should

file in the county court an appraisement of the estate subject to the tax, we find that the sections dealing with this feature of the tax are somewhat indefinite. It was evidently the purpose of the act that administrators, executors, and trustees should report to the county court the estates in their hands subject to the tax, to the end that the fiscal officers might know the value and character of the estates subject to the payment of the tax and the names of the fiduciaries charged with the duty of paying the same. It is the duty of these fiduciaries to ascertain the character and value of the estate, and the names of the persons to whom it is going as distributees or devisees, and this information they can conveniently furnish to the county court within a reasonable time after the estate comes into their hands. Section 3855, Ky. St., provides in part that: "It shall be the duty of a personal representative of a decedent to return an inventory and sale bill of his estate, the former within three months from the time of qualifying as such, and the latter within sixty days after the sale, to the clerk's office of the court in which he qualified, which shall be recorded by the clerk." This statute should be read in connection with the act we are considering, and it seems to us that 90 days after qualification is a reasonable time in which to require that a statement of the character and value of the property subject to an inheritance tax, and the names of the distributees or devisees to whom the property is going that is subject to tax, should be filed. The information concerning the estate that is necessary to enable the administrator or executor to file an inventory is sufficient to enable him to file an appraisement under the inheritance tax law, and he should file one when he does the other. If the statement is not filed within

this time, the county court may, upon its own motion or upon the motion of any person interested in the estate or the sheriff, collector, or county attorney, take such proceeding by rule at the cost of the delinquent fiduciary, as may be necessary to compel the statement to be filed, and, after it has been filed, to require, if necessary, that it shall be made sufficiently full and specific to furnish such information as will enable the county court to ascertain with reasonable certainty the character and value of the estate and the beneficiaries thereof, and this independent of the power conferred on the court by section 4281k. Under this section the court may upon its own motion, or that of any interested party, have an appraisement of the estate made, at any time after the expiration of 90 days from the date of the death of the decedent, or even before this time, if it should appear necessary to secure the payment of the tax.

When is the tax payable? Passing section 4281b, which provides for the payment of the tax upon the estates therein described, or its postponement by the execution of a bond, we find:

"Sec. 4281d. All taxes imposed by this chapter, unless otherwise herein provided for, shall be due and payable at the death of the decedent, and if the same are paid within eighteen months, no interest shall be charged and collected theron, but if not so paid, interest at the rate of ten per centum per annum shall be charged and collected from the time said tax accrued: Provided, that if said tax is paid within nine months from the accruing thereof a discount of five per centum shall be allowed and deducted from said tax. And in all cases where the executors, administrators, or trustees do not pay such tax within eighteen months from the

death of the decedent, they shall be required to give a bond in the form and to the effect prescribed in section 4281b of this chapter for the payment of said tax, together with interest.

"Sec. 4281e. The penalty of ten per centum per annum imposed by section 4281d hereof, for the non-payment of said tax, shall not be charged in case where, by reason of claims made upon the estate, necessary litigation, or other unavoidable cause of delay, the estate of any decedent, or a part thereof, cannot be settled at the end of eighteen months from the death of the decedent; and in such case only six per centum per annum shall be charged upon the said tax from the expiration of said eighteen months until the cause of such delay is removed.

"Sec. 4281f. Any administrator, executor or trustee having in charge or trust any legacy or property for distribution subject to the said tax, shall deduct the tax therefrom, or if the legacy or property be not money, he shall collect the tax thereon upon the fair cash value thereof, from the legatee or person entitled to such property, and he shall not deliver, or be compelled to deliver, any specific legacy or property subject to tax to any person until he shall have collected the tax thereon and whenever any such legacy shall be charged upon or payable out of real estate, the executor, administrator or trustee shall collect said tax from the distributee thereof, and the same shall remain a charge on such real estate until paid."

"Sec. 4281h. Every sum of money retained by an executor, administrator or trustee or paid into his hands, for any tax on property, shall be paid by him, within thirty days thereafter, to the sheriff or collector of the county in which the said tax is due and payable.   *   *   *"

Under these provisions of the law: (a) The tax is due and payable at the death of the decedent; but if it is paid within 9 months from his death, a discount of 5 per centum shall be allowed and deducted from the tax for the benefit of the person out of whose interest or share the tax is paid. (b) If the tax is paid within 18 months from the death of the decedent, no interest shall be charged and collected thereon; but, if not paid within that time, interest at the rate of 10 per centum per annum shall be charged and collected from the date of the death of the decedent, unless the conditions described in section 4281e exist. (c) Whenever an executor, administrator, or trustee pays, delivers, or surrenders to the distributee or devisee any estate, real, personal, or mixed, or interest therein, that is subject to the tax, whether it be the whole of what is going to the distributee or devisee or only a part thereof, he must, at the time of such payment, deliver or surrender, retain or collect, from the distributee or devisee, the amount of tax due upon the estate paid, surrendered, or delivered, and this tax he must pay to the sheriff, or collector of the county within 30 days from the time it is or should have been received, collected, or retained by him; but, if the tax is so paid within 9 months from the death of the decedent, the discount of 5 per centum shall be deducted therefrom. (d) If the tax collected, retained, or received, or which should have been collected, retained, or received, upon the distribution in whole or in part of the estate, is not paid within 30 days, the judge of the county court, the sheriff, collector, or county attorney may institute the proceeding provided for in section 4281n for the collection of the tax. (e) Whenever the tax is due under any section of the law, the judge of the county court, sheriff,

collector, or county attorney may institute or have instituted such proceedings as may be necessary to enforce its collection in the manner provided in section 4281n; but a penalty of 20 per cent. for the benefit of the collecting officer will not be added unless the proceeding is instituted after 18 months from the date of the death of the decedent.

The act mentions the sheriff, collector, county attorney, and the judge of the county court as the persons who may institute such proceedings as are necessary to enforce the collection of the tax, but it does not provide for its collection by a revenue agent. It is, however, insisted that a revenue agent may take such steps as are necessary to provide for the appraisement of the property upon which an inheritance tax is due, and for the collection of the tax; and this makes it necessary that we should examine the statutes creating revenue agents and defining their powers. Section 4241, Ky. St., provides that: "It shall be the duty of the sheriff or auditor's agent to cause to be listed for taxation all property omitted, or any portion of property omitted by the assessor, board of supervisors, board of valuation and assessment or railroad commission, for any year or years. * * *" Section 4260. "It shall be the duty of the revenue agent, and the sheriff of each county shall have like power and authority as the revenue agent for said county, to cause to be listed for taxation all property omitted by the assessor, board of supervisors, board of valuation and assessment  or railroad commission, for any year or years. * * *" It will be noticed that under these sections the authority of revenue agents is limited to causing to be listed for taxation all property omitted by the "assessor, board of supervisors, board of valuation and assessment or railroad commission." If neither of these officers nor

boards is charged with the duty of listing the property for taxation, it would seem to follow that the revenue agent cannot have it listed. And so, as neither the assessor, board of supervisors, board of valuation and assessment, or railroad commission have any duties to perform in connection with the appraisement of property for the purposes of ascertaining the inheritance tax or the collection of the tax due thereon, the revenue agent cannot institute any proceedings for the purpose of having an appraisement made. But section 4263 provides in part that: "It shall be the duty of the revenue agent, and he shall have authority when directed by the auditor, to institute suits, motions or proceedings in the name of the commonwealth against any delinquent officer or other person, to recover any money which may be due the commonwealth. * * * " Section 4267: "It shall be the duty of the auditor of public accounts to diligently prosecute the collection of all back taxes, license fees, judgments or other moneys, claims or demands due the commonwealth from any corporation, association, firm, companies or individuals, and shall have the power to direct revenue agents in the various counties or from the state at large to prosecute the collection of all delinquent taxes, taxes on omitted property or delinquents, license fees or omitted license or franchise tax of any corporation or association due the state. * * * "

In our opinion a revenue agent may, under sections 4263 and 4267, when directed by the auditor, institute such suits, motions, and proceedings as may be necessary to collect an inheritance tax, and may receive and collect the penalties allowed him by law for the collection of other delinquent taxes. Commonwealth v. Central Consumers' Company, 122 Ky.

418, 91 S. W. 711, 28 R. 1363. But he can not take
any action looking towards the collection of an inheri-
tance tax until after the expiration of 18 months from
the date of the death of the decedent. Unless a part
of the estate has been paid out, surrendered, or de-
livered, thereby making the tax due and payable in
30 days thereafter, or unless it becomes due under
section 4281b, the act does not compel the payment
of the tax until the expiration of 18 months from the
death of the decedent, and its payment may be post-
poned beyond 18 months if the conditions described
in sections 4281b or 4281e exist. And, even if these
two sections are not applicable, its payment may be
postponed for more than 18 months by the execution
of a bond as provided in section 4281d; but, if this
bond is executed, the tax will bear 10 per cent. interest
from the date of the death of the decedent. In an
effort to meet the varying conditions that may arise,
the Legislature endeavored to so frame the law as
to give persons having in their hands estates subject
to its provisions ample time and opportunity to pay
the tax, and it was not intended that within this period
allowed they should be harrassed by suits to recover
the tax or subjected to the heavy penalties allowed
revenue agents under the general law; but when 18
months have run, unless the payment is further post-
poned by the execution of the bond provided for in
sections 4281b and 4281d, or by the conditions de-
scribed in section 4281e, the tax must be paid, and the
failure to pay subjects the delinquent to a suit by a
revenue agent and to the payment of the penalties
allowed these agents under the general law.

From these conclusions, which are only intended to
cover the points presented by the case before us, the
lower court erred in dismissing the proceeding

brought by the revenue agent in connection with the county attorney of Jefferson county. The suit was brought in November, 1908, in the name of the "Commonwealth, by Arthur E. Hopkins, Revenue Agent, and Joseph Selligman, County Attorney of Jefferson County." It charged: That on January 16, 1908, the Columbia Trust Company qualified as the administrator of J. Will Gaulbert, who died in January, 1908, intestate in Jefferson county, the owner of real estate of the fair cash value of $400,000 and personal property of the fair cash value of $1,300,000; and that all of this estate was subject to the inheritance tax; that for more than 30 days prior to the institution of the action a material part of the estate had been distributed and delivered, and the trust company had retained more than sufficient cash to pay the inheritance tax. Under our construction of the statute, the administrator of Gaulbert should have paid the tax within 30 days after distributing any part of the estate subject to the tax, and, as he failed to pay the tax on that portion of the estate distributed for more than 30 days, the county attorney had the authority to institute such proceedings as might be necessary to compel its payment, although not entitled to any penalty. The fact that the revenue agent joined with the county attorney did not render the petition bad on demurrer, although a motion to strike the name of the revenue agent from it would have been proper.

The judgment is reversed, with directions to permit the proceeding to be continued in the name of the county attorney, and for the purpose of making such orders and taking such action as may be necessary to enforce the collection of the inheritance tax that has been due for more than 30 days after the distribu-

tion of the estate subject to the tax, and also for the purpose of having the estate appraised to ascertain the value and character thereof subject to the tax and the persons entitled thereto.