## Commonwealth v. Cumberland Telephone & Telegraph·Company.

### (Decided January 9, 1912.)

### Appeal from Jefferson Circuit Court (Chancery Branch, Second Division).

Inheritance Tax—Non-resident of County—Jurisdiction of County Court.—Under the inheritance tax laws, the county court in a county where the deceased did not reside and where he had no real estate is without jurisdiction of a proceeding instituted under the act.

MATT J. HOLT for appellant.

N. PRATT DALE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Affirming.

Arthur E. Hopkins, as revenue agent instituted this proceeding in the Jefferson Circuit Court in the name of the Commonwealth against the Cumberland Telephone and Telegraph Company, alleging that it is a corporation formed under the laws of this State that many foreign executors and administrators during the last five years have transferred stock in the company which were liable to an inheritance tax; that the tax was not paid; that the aggregate of the stock so transferred was $4,000,000. The prayer of the petition was in effect that the company be required to disclose by answer all such transfers and assignments of the stock and that

the amount of the tax be ascertained. The Telephone Company alone was sued. It filed a general and special demurrer to the petition, also entered motions that the petition be made more specific. The County Judge sustained the special demurrer for want of jurisdiction and dismissed the proceeding. An appeal was taken to the Jefferson Circuit Court which also sustained the special demurrer and dismissed the proceedings. The Commonwealth appeals.

We have held in a number of cases that county courts are courts of limited jurisdiction deriving all their power from some statutory enactment, and that they have no jurisdiction except such as has been conferred by statute. (See Gilbert v. Bartlett, 9 Bush, 49; Commonwealth v. Central Consumers Co., 122 Ky., 418.)

Inheritance taxes are governed by section 4281a-4281s, Kentucky Statutes. Before the adoption of the statute county courts had no jurisdiction of the matter. Their only power is derived from the statute. Defining the jurisdiction of the county court, section 4281m provides as follows:

"The county court in the county in which is situated the real property of a decedent who was not a resident of the State, or in the county of which the decedent was a resident at the time of his death, shall have jurisdiction to hear and determine all questions in relation to the tax arising under the provisions of this chapter, and the court first acquiring jurisdiction hereunder shall retain the same, to the exclusion of every other."

It will be observed that the statute confers jurisdiction on the county court in two states of case: (1) When the real property of a decedent who was not a resident of the State is situated in the county; (2) when the decedent was a resident of the county at the time of his death. The decedents in the case at bar were not residents in Jefferson County for they are alleged to have been non-residents of the State. It is not alleged that any of them had real property in Jefferson County. Our inheritance tax law is practically the same as the inheritance tax statute of 1887 of New York. The section as to the jurisdiction of the court in our statute is identical with the New York Statute except that it uses the words "surrogate court" where our statute uses the words "county courts," the surrogate court in that State corresponding in many respects with our county court. Under the New York Statute is was held by the Supreme

Court In re Embury's Estate, 45 N. Y. Sup., 881, that in the case of a non-resident, jurisdiction was conferred only on the court in which such non-resident owned real property, and this decision was affirmed by the Court of Appeals.    (154 N. Y., 746.)    Among other things the court said:

"It is not enough for the Legislature to declare that such interests are taxable.  If no mode is provided for assessing and collecting the tax, the law is imperfect, and can not, as to such interests, be executed."

Afterwards the New York Legislature amended the act of 1887 so as to confer jurisdiction on the county court of the county in which the will of the decedent might be probated, and under the amended statute, the jurisdiction of the surrogate was sustained.  (In re Fitch's Estate, 160 N. Y., 87.)  But there has been no amendment to our statute, and we do not see that there is any escape from the conclusion reached by the New York Courts under the similar statute.

Counsel for appellant rely upon section 4281n which is as follows:

"If it shall appear to the judge or the county court that any tax accruing under the provisions of this chapter has not been paid according to law, the clerk of said court shall issue a summons, summoning the person known to own any interest in or part of the property liable to the tax to appear before the court on a day certain and show cause why said tax should not be paid. The service of said summons, and the time, manner and proof thereof, and the hearing and determination thereon, and the enforcement of the judgment or decree, shall conform to the provisions of the Kentucky Statutes and the Civil Code of Practice applicable to and pursued in the levy, ascertainment and collection of taxes."

But this section which immediately follows section 4281m merely defines the duty of the county court which has jurisdiction under the previous section.  Appellant relies on the case of Dixon v. Russell, 78 N. J. L., 296. But that opinion is rested upon a provision in the New Jersey Statute which is not contained in our act.  We are, therefore, of opinion that the Jefferson County Court was without jurisdiction and properly dismissed the proceeding.  As the county court was without jurisdiction, the circuit court on appeal from its judgment was likewise without jurisdiction, and properly so held.

This conclusion makes it unnecessary for us to con-

sider any other questions presented in argument. We can not supply a provision omitted from the act. The defect must be remedied by the legislative department of the government.

Judgment affirmed.