## Bosworth, Auditor v. Batterton, etc.

(Decided September 29, 1914.)

### Appeal from Franklin Circuit Court.

Attorneys—County Attorney Not Entitled to 15 Per Cent of Inheritance Tax.—The county attorney who prosecutes a proceeding for the collection of an inheritance tax, is not entitled to 15% of the tax collected.

JAMES GARNETT, Attorney General, and OVERTON S. HOGAN, Assistant Attorney General, for appellant.

H. CHURCH FORD, HENRY JACKSON, W. C. MARSHALL and GEORGE BATTERTON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Reversing.

George W. July, as administrator of Laura Bell Judy, failed to pay an inheritance tax, which the sheriff of Bourbon County conceived he should have paid, and the sheriff instituted a proceeding in the Bourbon County Court under Section 4281o, Ky. St., to enforce the tax. George Batterton, as county attorney of Bourbon County, prosecuted the proceeding in the county court which resulted in the payment to the Commonwealth of $28.75. He then brought this suit in the Frankin Circuit Court against the Auditor to obtain a mandamus requiring him to issue a warrant in favor of Batterton for $4.31, being 15% of the amount of the tax collected. The case being submitted to the court on the facts we have stated, the mandamus was awarded. The Auditor appeals.

The question presented for decision is whether or not the county attorney is entitled to 15% of the inheritance tax collected by reason of a proceeding in the county court prosecuted by him in the name of the Commonweath on relation of the sheriff under Section 4281o, Ky. St.

Income taxes are regulated by Sections 4281a--4281s, Ky. St., being Article 19 of the Act of 1906 on revenue and taxation. By Section 4281d, Ky. St., if income taxes are not paid within 18 months after the death of the decedent, interest at the rate of 10% per annum shall be paid from the time the tax accrued, subject to certain exceptions not material here. This is the only penalty provided in the act for the non-payment of the taxes. The provisions to secure the collection of the tax are contained in Sections 4281n and 4281o, Ky. St., which are as follows:

"If it shall appear to the judge of the county court that any tax accruing under the provisions of this chapter has not been paid according to law, the clerk of said court shall issue a summons, summoning the persons known to own any interest in or part of the property liable to the tax to appear before the court on a day certain and show cause why said tax should not be paid. The service of said summons and the time, manner and proof thereof, and the hearing and determination thereon, and the enforcement of the judgment or decree, shall conform to the provisions of the Kentucky Statutes and the Civil Code of Practice applicable to and pursued in the levy, ascertainment and collection of taxes." (Sec. 4281n, Ky. St.)

"Whenever the sheriff or collector of any county shall have reason to believe that any tax is due and unpaid under the provisions of this chapter, after the failure or refusal of the person interested in the property liable to said tax to pay the same, he shall notify the county attorney of the proper county, in writing, of such failure to pay such tax, and the county attorney so notified, if he has probable cause to believe a tax is due and unpaid, shall prosecute the proceedings in the county court, as provided in Section 14 (4281n) of this chapter, for the enforcement and collection of such tax." (Section 4281o, Ky. St.)

The sections relating to the inheritance tax contain no provision that the county attorney is to be paid for

his services; but Article 17 of the act relating to revenue agents and consisting of Sections 4258-4267, Ky. St., provides in Section 4260 that it shall be the duty of the revenue agent and the sheriff of each county to cause to be assessed for taxation all property omitted by the assessor, Board of Supervisors, Board of Valuation and Assessment or Railroad Commission for any year or years; that the officer proposing to have the property assessed shall file a certain statement in the county court upon which a summons shall be issued, and if it shall appear to the court that the property is liable for taxation, and has not been assessed, the court shall enter an order fixing the value thereof at its fair cash value; the owner of the property must pay the cost of the proceedings; and a penalty of 20% on the amount of the State and county taxes due; the officer filing the statement is entitled to the penalty of 20% and is liable for the cost of the proceeding in case judgment is entered in favor of the defendant. Section 4260a, Ky. St., defines the jurisdiction of revenue agents. Section 4260b is in these words:

"It shall be the duty of the county clerk, upon filing any statement by any officer for the assessment of omitted property, to enter the name of the county attorney for said county as attorney on behalf of the State and county, and it shall be the duty of said county attorney to appear and prosecute said proceeding in all the courts to which the same may be taken for trial. No compromise judgment, agreement for assessment or agreement as to the valuation of any omitted property, entered into between any revenue agent or sheriff with the owner of such property, shall be entered or made by the county court, except upon the written recommendation of the county attorney filed of record in said proceedings. If there be a judgment assessing said property for taxation, said judgment in each case shall recite whether or not the county attorney was present and assisted in the trial of said proceeding, and when he is so present and assists in said proceeding he shall be allowed as compensation for his services fifteen per centum of the amount of said State and county taxes, to be paid to him by the county and State within thirty days after the collection of said taxes."

It is insisted for appellee that under this provision the county attorney is entitled to 15% of the inheritance

taxes collected by reason of a proceeding prosecuted under Section 4281o, Ky. Statutes, above quoted.

We cannot concur in this conclusion. The officer who files the statement under Section 4260 is liable for the cost of the proceeding and as he might therefore be tempted to make compromises not favorable to the Commonwealth, it is provided that no compromise can be made except upon the written recommendation of the county attorney. The whole of Section 4260b evidently refers to the proceeding provided for in Section 4260. There is no provision in the inheritance tax law that the officer instituting the proceeding shall be liable for the cost. There is no provision in it for a penalty of 20% to the officer or for any compensation to him. He is required to perform his duties under the inheritance tax law by virtue of his office without additional compensation. Claims against the treasury are never created by implication or upon a doubtful construction of the statute, and from a reading of the provisions of the statute, we are satisfied that the inheritance tax provisions were intended to be the whole law governing the subject, except so far as other provisions of the statute are expressly made applicable. The county attorney discharges his duties under Section 4281o, just as the sheriff discharges his duties under it, and just as the county judge discharges his duties under Section 4281n. No compensation is provided for any of thm; they each discharge these duties as part of the duties of his office, for which the county attorney is allowed a reasonable compensation to be fixed by the fiscal court.

An inheritance tax is not a tax on the property inherited, but is an excise or duty upon the right to inherit. (Booth v. Com., 130 Ky., 88, Com v. Cumberland Tel. Co., 146 Ky., 142, U. S. v. Perkins, 163 U. S. 624.) A proceeding instituted under Section 4281o is not a proceeding for the assessment of omitted property. Section 4260b applies only to proceedings for the assessment of "omitted property," and the county attorney is not entitled to 15% unless "there be a judgment assessing said property for taxation."

In Com. v. Gaulbert's Admr., 134 Ky., 169, we said:

"Under our construction of the statute, the administrator of Gaulbert should have paid the tax within 30 days after distributing any part of the estate subject

to the tax, and, as he failed to pay the tax on that portion of the estate distributed for more than 30 days, the county attorney had the authority to institute such proceedings as might be necessary to compel its payment, although not entitled to any penalty.''

We did not intend to indicate a different rule in James v. Duffy, 140 Ky., 605. That case went off on the ground that Duffy's compensation could not be increased during the term for which he was elected. No other question was before the court and our attention was not there directed to the construction of the statute.

Judgment reversed and cause remanded with directions to dismiss the proceeding.