## Commonwealth, By, Etc. v. Bingham's Admr.

(Decided March 26, 1920.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, Third Division).

1. Taxation—Inheritance Taxes—Collection.—The Commonwealth is authorized through its revenue agent to institute such proceedings as may be necessary to secure the collection of inheritance taxes, provided that the estate is delinquent in the payment of said taxes

2. Taxation—Inheritance Taxes—Appointment of Appraiser.—On the motion of a co-administrator an inheritance tax appraiser was appointed and his appointment was recognized by the Commonwealth, the court in which the proceedings were pending, the fiduciary and the beneficiaries. Held, that said appraiser was a de jure officer and his actions as such appraiser are valid, though the administrator upon whose motion he was appointed was later removed.

3. Taxation—Inheritance Taxes—Appraiser—Proceedings to Collect Tax.—Within eighteen months after his appointment as an inheritance tax appraiser in pending proceedings the appointee filed his report fixing the value of the estate, to which exceptions were filed. At the expiration of eighteen months these proceedings were still pending on the exceptions, as likwise on a motion by the county attorney to confirm the appraiser's report: Held that it being impossible to know the amount of taxes payable by the fiduciary or beneficiaries the estate was not delinquent at the end of eighteen months following the death of decedent.

4. Taxation—Inheritance Taxes—When Estate Not Delinquent in Payment.—The fiduciary, within three months after the court had confirmed its appointment, as administrator, filed a complete report of the estate of its decedent, together with the charges thereon and paid the inheritance tax on pecuniary legacies and legacies of securities. The value of the remainder of the estate for inheritance tax purposes being undertermined at the expiration of eighteen months, through no fault on its part, the estate was not delinquent in the payment of inheritance taxes.

5. Taxation—Inheritance Tax Appraiser—Appointment.—An inheritance tax appraiser may, under certain circumstances, be appointed within three months following the death of decedent.

6. Taxation—Inheritance Tax Appraiser—Appointment—Proceedings to Collect Tax.—Where the statute authorizes the appointment of an inheritance tax appraiser by the court, in which tax proceedings are pending, appointment by the court in which the will was probated and various motions and orders made and entered relative to the estate, participated in by the Commonwealth, the fiduciary and beneficiaries are such tax proceedings as are contemplated by Ky. Stats., sec. 4281k.

7. Taxation—How Suits in Name of Commonwealth May be Brought. —Suits instituted in the name of the Commonwealth and for its benefit must be brought on the relation of those authorized to act for the Commonwealth, but no relator was necessary in the tax proceedings pending before the county court in the instant suit, as a suit may never be necessary in the settlement of said taxes.

BENJ. F. WASHER, M. M. LOGAN, SHACKELFORD MILLER, D. O. MYATT and J. M. CHILTON for appellant.

HELM BRUCE and BRUCE & BULLITT for appellee.

OPINION OF THE COURT BY JUDGE QUIN—Affirming.

Mary Lily Flagler Bingham died testate July 27, 1917, a resident of Jefferson county, Kentucky. October 8, 1917, on motion of the Louisville Trust Company, at that time one of the administrators with the will annexed of said decedent, G. W. Hardin was appointed inheritance tax appraiser of said estate. He qualified as such October 10, 1917.

November 16, 1917, the order appointing the Louisville Trust Company as co-administrator was set aside, and the appellee, Fidelity & Columbia Trust Company, was appointed administrator with the will annexed of Mrs. Bingham. This order was sustained on appeal. See Louisville Trust Company, et al. v. Bingham, et al., 178 Ky. 573, 199 S. W. 58.

Hardin promptly entered upon the duties of his office and from the date of his appointment until the filing of his original and supplemental report, the latter on February 25, 1919, much of his time was devoted to said work. Proof was taken before him in several states. In the meantime various orders were entered and steps taken in the county court relative to said estate.

The present proceedings were instituted January 27, 1919, when appellant filed a statement in the county court, alleging that Mrs. Bingham died seized and possessed of an estate of $99,584,866.44 all of which was

subject to inheritance taxes, none of which had been paid. The assessment of an inheritance tax in the sum of $4,537,418.98 was sought, likewise the statutory penalty for non-payment.

To a proper understanding of the questions presented we will give the substance of the allegations of the subsequent pleading.

Answer (1) The appointment of Hardin as inheritance tax appraiser. The filing by appellee, in the county court, on February 23, 1918, of a detailed report of the property owned by testatrix, giving the items of said property and the value thereof. An amended and corrected report on August 24, 1918, giving the charges against the estate. That Hardin entered upon the performance of his duties by investigating the facts to enable him to make his report. The report filed December 31, 1918. Appellee and certain legatees, filed exceptions to this report, none of which have as yet been passed upon, same are still pending and undetermined. The court has never assessed or fixed the cash value of the estate nor the tax. That neither the appellee nor legatees were delinquent.

(2) That within eighteen months after the death of testatrix, appellee paid the inheritance taxes due from named legatees, aggregating a total payment of $853,258.84.

(3) This paragraph puts in issue the value of the estate. It admits that no property or estate of Mrs. Bingham has been assessed for inheritance taxes because the value thereof had not been ascertained.

(4) None of the property set forth in the foregoing paragraph was ever in the state of Kentucky except that specified, and only the latter has a taxable situs here.

Reply. After denying the material allegations of the answer it is affirmatively alleged that the proceedings referred to are shown by the orders of October 1st, and 8th, 1917. That no proceeding for any purpose was pending when appellant filed its statement. The appointment of Hardin was not made in any pending proceeding and was therefore void. That the Louisville Trust Company on whose motion Hardin was appointed was not an interested party, the order of its appointment as co-administrator having been set aside. That the attempted appointment of an appraiser within three

months after the qualification of the personal represent-
ative was of no effect. Hardin never qualified by taking
the oath required of him.

Rejoinder.   The orders referred to in the reply were
by no means all the orders in the county court relative
to Mrs. Bingham's estate and the matter of inheritance
taxes.   It was in said court that the will was probated
and the administrator appointed. This court by many
acts exercised jurisdiction over the estate and the pro-
ceeding in which Hardin was appointed to determine the
amount of inheritance taxes due.   In said proceedings
the Commonwealth of Kentucky several times appeared
by special counsel and by the county attorney and made
motions therein.   That Hardin, as appraiser, has been
acting in that capacity since October 8, 1917, and dur-
ing all that time had been recognized by the Common-
wealth, the court and those interested in Mrs. Bingham's
estate.   That said court received the appraiser's two re-
ports, and the Commonwealth by the county attorney
moved the court to confirm the appraiser's report, which
motion is still pending.  With-said pleadings copies of
orders of the county court, twenty-five in number, are
filed, beginning with an order of September 6, 1917, and
ending with an order of February 27, 1919.

The affirmative allegations of the reply were denied.

In overruling a motion of appellant to appoint an
appraiser, the county court held that the proceedings
shown by all but three of the foregoing orders were had
within eighteen months after Mrs. Bingham's  death.
That Hardin was recognized as appraiser by the Com-
monwealth, the personal representative and a number
of the beneficiaries under the will and it could not be
urged the estate was delinquent in the payment of taxes
when the appraiser in the performance of  his   duties,
with the assistance of counsel representing the Common-
wealth, had done all in his power to ascertain the nature
and character of the estate subject to the  inheritance
tax.

An appeal was taken to the circuit court and there
submitted upon an agreed stipulation of facts in sub-
stance as follows:

(1)   The exhibits to be considered as proof read in
the case.

(2)   That appellee paid to the sheriff of Jefferson
county the amount set forth in the second paragraph of

its answer, claiming same as payments on account as inheritance taxes under and as shown by a county court order of January 2, 1919, the Commonwealth insisting said payments could not be legally considered payments of inheritance taxes in the absence of previous assessment and ascertainment of taxes due.

(3)  The cause was submitted upon the law and facts with reservation of all questions of valuation.

(4)  The purpose of submission being to determine whether the Commonwealth by its revenue agent has the right to maintain the action to have the estate of Mrs. Bingham estimated and causing the collection thereon of the inheritance taxes due the Commonwealth.

The circuit court, in a well reasoned opinion, ordered a dismissal of the proceedings by the revenue agent, and it is to reverse said judgment that the present appeal has been prosecuted.

While not intended as a complete *resume* of the record the foregoing substantially shows the main issues involved.

The right of the Commonwealth through its revenue agent to institute such proceedings as may be necessary to collect inheritance taxes cannot be questioned. Kentucky Statutes, secs. 4263 and 4267; Commonwealth v. Gaulbert's Admr., 134 Ky. 157, 119 S. W. 779.

Under Kentucky Statutes, sec. 4281d, the tax is due and payable at the death of the decedent and if paid within eighteen months no interest shall be charged or collected thereon. If not so paid it is subject to an interest charge of ten per centum from the time the tax accrued. Payment within nine months from the accruing thereof entitles the payor to a discount of five per cent.

Subject to the exceptions presently noted, after the expiration of eighteen months, if the tax is unpaid, not only does a penalty attach but the Commonwealth by its revenue agent may then institute proceedings seeking its collection and the penalties incident thereto.

By Kentucky Statutes, sec. 4281b, it is provided that an estate in remainder, reversion or expectancy shall be appraised immediately after the death of decedent, its value estimated according to the provisions of section 4281k, and the tax due shall be immediately due and payable. If, however, the person beneficially interested elects not to pay the tax until he comes into actual en-

joyment or possession of the property the payment may be thus postponed upon the execution of a bond with approved sureties in a sum twice the amount of the tax.

The extension of time is further instanced by Kentucky Statutes, sec. 4281e. It is brief and has an important bearing upon this case, and we quote it in full:

"The penalty of ten per cent per annum imposed by section 4 (4281d) hereof, for the non-payment of said tax, shall not be charged in case where, by reason of claims made upon the estate, necessary litigation, or other unavoidable cause of delay, the estate of any decedent, or a part thereof, can not be settled at the end of eighteen months from the death of the decedent; and in such case only six per centum per annum shall be charged upon the said tax from the expiration of said eighteen months until the cause of such delay is removed."

It is contended by appellant that the estate is delinquent because the tax due was not paid within the eighteen months during which it should have been paid and because the fiduciary made no effort in that time to comply with the law. Appellee insists the estate was not delinquent when the statement was filed by the revenue agent.

Unless an estate is delinquent in the payment of inheritance taxes an action or proceeding by a revenue agent to collect such tax is not maintainable.

On behalf of the Commonwealth it is argued that the record discloses no facts bringing the case within the provisions of section 4281e; that appellee filed no report for inheritance tax purposes and did not execute a bond. No bond was required. It is not necessary in all cases. Except in the instances mentioned in section 4281e, the estate would be delinquent after eighteen months unless a bond was executed as provided in sections 4281b and 4281d. It is clear the facts of this case are not embraced by the provisions of the two last lettered sections, and equally plain that it does come under the provisions of section 4281e.

Delinquency imports the failure or neglect in the performance of some duty. It is the imperative duty of the fiduciary to pay the tax due (Ky. Stats., sec. 4281a). In Richter v. Commonwealth, 180 Ky. 4, 201 S. W. 456, we said that this liability attaches whether or not the property subject to the tax comes into the fiduciary's posses-

sion or under his control. But, how can it be said appellee was delinquent when the amount of taxes payable had not been ascertained? On what valuation was it taxable? Appellee concedes it is subject to the payment of taxes on a stated sum. Appellant insists it should pay taxes on a far greater amount. The Commonwealth through the county attorney is asking that the estate be taxed on the valuation found by the appraiser, the officer whose appointment the Commonwealth by its revenue agent insists is a nullity.

The appellee has filed exceptions to the appraiser's report. On these exceptions and the motion of the Commonwealth to confirm the report the matter is still under submission before the county judge. The law neither demands nor expects the impossible, nor will a court by its decree penalize a person for the non-payment of a tax, the amount of which is not only uncertain, but at the present time is still undetermined and this through no fault of the party sought to be charged.

The fiduciary filed a full and complete report of the estate together with the charges against same. The original report was filed February 23, 1918, and within three months after this court decided its appointment as administrator was proper. It attended the taking of proof before the appraiser between the time of his appointment and the filing of his report. It paid the inheritance tax on the pecuniary legacies and upon legacies of securities. It filed exceptions to the appraiser's report. This was all done within the period of eighteen months following Mrs. Bingham's death.

In what then can it be said to be delinquent? It was the Commonwealth that was dissatisfied with the valuations fixed in the administrator's report. The state, however, was not bound to accept these valuations; it was privileged to examine into them and to take proof thereon. And may we not with entire propriety assume that a considerable portion of the eighteen months was occupied by the Commonwealth's representatives in preparing their case, and can we deny the right to appellee to take counter proof, and thus prepare its defense or support its grounds of objections? It was impossible to execute a bond as provided in section 4281b, as the value of the estate had not been fixed, hence those beneficially interested could not have complied with this section which requires the execution of a bond in a sum *twice*

*the amount of the tax,* a further proof that the facts of this case are not those contemplated by that section.

We are told that a wide expanse of time and territory was covered in the proof taking, after which the appraiser filed a voluminous report. This being true, should we charge a dereliction of duty to appellee because the overworked court to whom the matter was submitted has not had time to render a decision? We think not. Appellee is without fault in the premises and we are unable to find wherein it has failed or neglected to perform any duty required of it.

The views herein expressed are in accord with the opinion in Commonwealth v. Southern Pacific Company, 169 Ky. 296, 183 S. W. 925, which involved successive assessment of the railroad company for each of the five years from 1909 to 1913, inclusive. As each assessment was made the company within the time provided by statute, appealed from the action of the board of supervisors to the quarterly court. The latter court in December, 1913, acted upon all five appeals at the same time. Shortly thereafter the company paid the taxes for all five years upon the assessment fixed by the quarterly court, but without interest or penalties. Neither the Commonwealth nor the company took any aggressive action until 1913.

We take the following excerpts from the opinion:

"In this case, as we have seen, the board of supervisors assessed the property for each year many million dollars in excess of its true valuation as finally ascertained, and as long as the appeals were pending in the quarterly court it was impossible for the company to know what the final amount of the assessment might be and it would have been nothing short of a reckless guess for it to have undertaken to approximately fix the amount of its taxes for any one of the years involved, so as to have tendered the same before the interest and penalty attached. . . . At any rate, the state agency charged with the duty of finally assessing this property on the appeal failed to discharge that duty, for some reason not entirely apparent from this record, before the time fixed for the interest and penalties to attach, and that failure should not be permitted to operate so as to penalize a taxpayer for not paying his taxes before his property has been finally assessed and before he could possibly know their amount. To do so would be to penalize a tax-

payer for exercising the right of appeal which the statute expressly gives him.

"Clearly it could not have been the legislative purpose to exact from a taxpayer a penalty for failure to pay his taxes when the agency selected by the state for that purpose has not assessed his property in time for him to have voluntarily paid the tax in time to escape the penalty."

As said in State v. Certain Lands in Redwood County, 40 Minn. 512, 42 N. W. 473:

"A penalty for the non-payment of a tax cannot be imposed until the person has an opportunity to pay it, and fails to do so."

We are satisfied that the appointment of Hardin and the proceedings to fix a proper valuation for the assessment of the inheritance tax, participated in by the Commonwealth, the fiduciary, and the beneficiaries and recognized by the court, were within the intendment of Kentucky Statutes, section 4281e, and the orders and steps in and the pendency of said proceedings caused such delay, unavoidable on appellee's part, as prevented the payment or settlement of said tax within eighteen months from Mrs. Bingham's death, and therefore appellee is not chargeable with the penalty of ten per centum imposed by section 4281d; in other words, at the time of the filing of appellant's statement the estate was not delinquent.

In Kentucky Statutes, section 4281k, it is provided in part as follows:

"When the value of any inheritance, devise, bequest or other interest subject to the payment of said tax is uncertain, the county court in which the said tax settlement proceedings are pending, on the application of any interested party, or upon his own motion, shall appoint some competent person as appraiser, as often as and whenever occasion may require. . . ."

It is contended the county court neither upon its own motion nor that of an interested party can appoint an inheritance tax appraiser except when tax proceedings are pending as provided in the foregoing section. And further that no character of proceeding for the collection of the inheritance tax was pending at the time of Hardin's appointment, and he was appointed on the motion of a non-interested party. It is true the order appointing the Louisville Trust Company co-administrator

was later set aside, but at the time Hardin was appointed, said trust company had been duly appointed by the county court and had qualified (September 8, 1917), as administrator by executing bond as such, with approved surety. The very object of the motion, as recited therein, was for the appointment of an appraiser for the inheritance tax in accordance with sections 4281a to 4281t, Kentucky Statutes, and the order recites that the appointment was made under section 4281k. The right of appointment was in the county court, the same court in which the will had been probated, and the administrators appointed, where motions were made and orders entered and proceedings were had relative to this estate. By section 4281m of the statutes, the county court is given jurisdiction to hear and determine all questions relating to inheritance taxes.

If the various steps taken in that court as disclosed by the record are not tax proceedings, then we do not know by what other term or name they could be designated.

The statute does not point out with precision and exactness the procedure to be followed, nor does it specify the time within which the appraiser shall be appointed.

It is said the order was void because made within ninety days from the death of decedent. Commonwealth v. Gaulbert's Admr., *supra,* is cited as sustaining this point. Commenting upon the duty of a personal representative under Kentucky Statutes, section 3855, as to the filing of an inventory the court there says that reading said section in connection with the inheritance tax law, it would seem that ninety days is a reasonable time within which a statement showing the character and value of the property subject to the inheritance tax should be filed. And then, referring to section 4281k, it is said:

"Under this section the court may upon its own motion, or that of an interested party, have an appraisement of the estate made at any time after the expiration of ninety days from the date of the death of the decedent, or even before this time, if it should appear necessary to secure the payment of the tax."

From this it would seem that the very authority relied upon to support appellant's position in reality sustains the actions taken by the county court. The opinion recognizes that circumstances may arise or instances

exist in which an appointment within ninety days would be proper. The Gaulbert case related to a tax due on the part of an estate that had been distributed, and counsel concede that the fiduciary may have made its report for inheritance tax at any time before the expiration of eighteen months.

Underwood v. Underwood's Admr., 111 Ky. 966, 65 S. W. 130, and Jackson v. Asher Coal Company, 153 Ky. 537, 156 S. W. 136, are also cited, but the questions there considered are not in point. They relate to references of estates to a public administrator, the court holding in each instance that estates can not be placed in the hands of such officer except as provided in Kentucky Statutes, section 3905. That it is a jurisdictional fact to be shown that decedent had been dead more than three months and no one else had applied for letters of administration. There is no such statute applicable here.

We hold that the steps taken in the county court concurred and participated in by the Commonwealth, the fiduciary and the beneficiaries were tax proceedings within the meaning of the statute and that the appointment of Hardin within ninety days was not invalid. The very purpose of his appointment was to ascertain the character and value of the estate so that the amount of the inheritance tax could be fixed.

Though the appointment of the Louisville Trust Company was revoked, it will be remembered that the appointment of its co-administrator, the appellee, Fidelity & Columbia Trust Company, has never been set aside. The Fidelity & Columbia Trust Company was appointed and qualified before the order as to Hardin was entered. At the time of Hardin's appointment, prior thereto and up to the present date appellee was duly qualified and empowered to act as administrator with the will annexed of Mrs. Bingham, and though it at the time objected to the appointment of Hardin, appellee has since acquiesced therein, and is now insisting upon the validity of the order.

It is next insisted there is no relator in the present proceeding; none was required. Suits instituted in the name of the Commonwealth and for its benefit must be brought on the relation of those authorized to act for the Commonwealth. Commonwealth v. Helm, 163 Ky. 69, 173 S. W. 389. But a suit is not contemplated by section 4281k; its reference is to tax proceedings. A suit may

never be necessary, nor is the appointment of an appraiser dependent upon the institution or pendency of a suit. We are not prepared to hold as illegal and void proceedings such as those under consideration, covering a period of about eighteen months, where much time has been occupied and expense incurred in an effort to fix the valuation for assessment purposes of the estate. Proceedings recognized by (1) the court of probate and appointment; (2) the Commonwealth through its special counsel and county attorney; (3) the fiduciary, and (4) the beneficiaries. Proceedings consisting of many steps and now under submission to the court on exceptions as. to the report filed by the appraiser. A relator was not necessary.

Stating our conclusions concretely, we are of the opinion that the circumstances presented by this appeal are those contemplated by Kentucky Statutes, section 4281e, and appellant was not required to execute a bond to secure the payment of inheritance taxes unpaid at the expiration of eighteen months following Mrs. Bingham's death.

The cause being undetermined and the value of the property uncertain, the estate was not delinquent when the statement was filed by appellant. The proceedings were those contemplated by Kentucky Statutes, section 4281k. G. W. Hardin was a *de jure* officer and his acts in that capacity are valid.

These views being in accord with those expressed by the lower court the judgment appealed from is affirmed.