## ·Commonwealth et al. v. Wood.

Feb. 13, 1942.

Hubert Meredith, Attorney General, and J. W. Jones, Assistant Attorney General, for appellants.

Anderson Wood and H. L. Bryant for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Reversing.

Within eighteen months following the death of Charles A. Wood, the executrix of his will filed with the State Tax Commission an inheritance tax report showing the items composing his estate and the valuations placed by her thereon. Accompanying the report was the check of the executrix for $155.60, the tax due, calculated upon the valuations given. The check was payable to the State Treasurer and recited that it was in full payment of the tax. The report and check were received by the Tax Commission on September 18, 1934,

and two days later the following receipt was issued and forwarded to the Executrix:

"State of Kentucky
"Auditor's Office.

"Inheritance tax

"Frankfort, Ky.
"Sept. 20, 1934.

"Received of Mrs. Mary H. Wood (Exrx) One hundred and Fifty-five 60/100 Dollars in payment of the inheritance tax due from the estate of Chas. A. Wood of Bell County.

"Tax         $155.60 ⎫
"Discount    ———     ⎬  $155.60
"Interest    ———     ⎭

"Ben Marshall,
"Assistant Auditor"

Thereafter the Tax Commission caused an appraisement of the estate to be made by its representatives, increased the valuation placed thereon by the executrix, and on September 1, 1937, notified her that the total inheritance tax amounted to $799.92, leaving a balance due of $644.32. Questioning the correctness of the valuation placed on the estate by the Tax Commission and claiming that the payment made by her under the circumstances outlined constituted an accord and satisfaction of all claims of the State for inheritance taxes, the executrix instituted this action in the Circuit Court against the Commonwealth and the Commissioner of Revenue. The Court accepted the views of the executrix relative to the effect of the payment made by her and entered a judgment in her favor without determining the value of the estate. Since it is apparent that the sole question involved on this appeal is the correctness of the Court's ruling on the issue referred to, and that issue is presented by the pleadings, it is unnecessary to pass upon appellee's motion to strike from the record the proof taken by deposition.

It is contended by appellee that since the tax return was made by her on the forms furnished by the State Tax Commission which was authorized by the Act then in force (Subsection 1, Section 5, Act of March 26, 1924, Sections 4281a-5, 1930 Compilation) to determine the value of the property and "do all things necessary to secure full and final settlement of all such inheritance

taxes due, or to become due, to the state treasurer," its action in accepting the check accompanying the return was final. Subsection 3 of Section 7 of the Act referred to (Section 4281a-7, 1930 Compilation) prohibited a personal representative from delivering specific legacies or properties subject to the tax until the representative "has collected the tax thereon" from which it is argued that if the Commonwealth "is not held to its action in accepting the payment," the appellee and others in a similar position, who distributed the assets in their possession in reliance on the provisions of Section 5, will be personally liable for additional assessments and thus prejudiced. It is also urged, without citation of authority, that the delay in giving appellee notice of the increased assessment constituted a violation of the duties imposed upon the Tax Commission and Auditor by statute, and should estop the Commonwealth from insisting upon a further tax. It is suggested that since the 1924 Act has been greatly altered by the Act of April 24, 1936, Acts 1936, 3rd Ex. Sess. c. 8, the precedent which we are urged to establish will not prove prejudicial to the Commonwealth's future interests.

The Commonwealth insists that the payment by appellee was made pursuant to Subsection 4 of Section 5 of the 1924 Act, which provides:

"Any estate from which any such tax is or may be due the personal representative may make an estimate agreeable to the state tax commission and pay the same to the auditor of public accounts, *who shall receipt therefor, at any time before the same is determined,* and shall thereupon be entitled to any discount and be relieved of any interest and penalty and shall have permits issued for the transfer of securities or real estate upon the amount so paid in the same manner as if the tax were then determined. Any excess so paid shall be refunded to the person so paying or entitled thereto by such auditor out of any inheritance tax money in his possession, upon filing with such auditor a copy of the order fixing such tax, and attached thereto a certificate stating the amount of refund due." (Italics ours.)

Subsection 1 of Section 3 of the Act conferred broad powers upon the Tax Commission for the determination of the tax due, and specifically authorized that body through its representatives "to make an investigation in

any case where it deems fuller information necessary,'' and ''after investigation'' to ''fix the value of the estate for inheritance taxes and advise the representative of the estate of such valuation.'' Subsection 4 of Section 3 directed that all taxes imposed by the Act should be assessed by the Commission ''upon the full and fair cash value of the property transferred''; that all personal representatives should be personally liable therefor and that notice of the amount of the tax should be mailed to the personal representative, but that failure to receive the notice should not excuse non-payment or invalidate the tax.

From the provisions cited and the Act as a whole it seems to us obvious that any payment made pursuant thereto by a personal representative prior to an assessment of the tax by the Commission must, necessarily, have been tentative only, and its acceptance subject to the power of the Commission to increase the tax after investigating and raising the valuations shown in the return accompanying the payment.

While Section 52 of the Constitution prohibiting the general assembly from authorizing the relinquishment or extinguishment, in whole or in part, of any indebtedness or liability to the Commonwealth or a subdivision thereof, has been held by this Court not to preclude the compromise of unliquidated demands for taxes, no fact was alleged by appellee indicating that any dispute existed between her and the Tax Commission at the time the payment was made, or that any compromise was intended or suggested by either of the parties. Hence, appellee's case must rest upon the mere fact that the Commission accepted her check payable to the State Treasurer containing a statement that it was ''in full payment of the tax on said property,'' and that the Auditor issued the receipt heretofore set forth. Certainly the Auditor was not authorized by the Act to determine the amount of taxes due or to release the appellee, and appellee's counsel do not assert the contrary. They rely upon the receipt merely as ''convincing evidence,'' stating that ''it is the acceptance of the payment and the use of the money that fully determines the accord and satisfaction in this case.'' To hold that the acceptance by the Tax Commission of a payment under the circumstances here shown could bar the State of its right to recover taxes actually due would necessitate our shutting our

eyes, not only to the purposes of the Statute, but to the constitutional provision as well.

In the absence of a showing of a bona fide dispute and a compromise intentionally entered into, the authorities cited by appellee's counsel are not in point, and the judgment of the Trial Court that the payment referred to constituted an accord and satisfaction is unsupported by the pleadings.

It is unnecessary for us to pass upon the sufficiency of the allegations of the petition to entitle appellee to a review of the valuations fixed by the Commission, since the Attorney General asks that the judgment be reversed and the case remanded for a determination of the value of the assets for inheritance tax purposes. It is so ordered.