## Commonwealth et al. v. Wood.

Dec. 15, 1944.

Eldon S. Dummit, Attorney General, and Roy W. House, Assistant Attorney General, for appellants.

H. L. Bryant and Anderson Wood for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Reversing.

The single question presented on this, the third appeal of this case (see 289 Ky. 649. 159 S. W. 2d 403: 297 Ky. 583, 180 S. W. 2d 312), is whether the judgment entered by the Chancellor following the last reversal awards the Commonwealth the amount of taxes and penalties due it. In the opinion on the first appeal we assumed that the method employed by the executrix in calculating the tax was correct, since the sole question presented for decision was whether the acceptance by the taxing authorities of the check tendered by the

executrix with her return barred the Commonwealth from recovering such additional taxes as might be shown to be due following its appraisal and valuation of the estate. The subsequent trial involved merely the valuation of the estate for taxable purposes, and, on appeal by the Commonwealth from the judgment, we upheld the Commonwealth's valuation of $58,330.85, but directed that there be deducted therefrom an uncredited payment of $100 on a note. In concluding our second opinion we directed the entry of a judgment affirming the Commonwealth's valuation after making the correction aforesaid.

In calculating the tax pursuant to this mandate, the Chancellor deducted the widow's then exemption of $20,000 before imposing the statutory rates on the balance, instead of deducting the exemption from the first $25,000 and imposing the specified tax on the remaining $5000 as directed by the then applicable Statute, KS 4281a-2, Subsection 3 (1930 Edition). See also as prescribing the same method, KRS 140.080, Subsection 3. When computed in the manner required by the Statute, the balance of the tax due, after crediting the amount of the check referred to in our first opinion and the $359.02 paid by appellee in compliance with the judgment here appealed from, is $282.30, and the Commonwealth contends it is entitled to the statutory penalty of 10% per annum from September 1, 1937, amounting to approximately $465, instead of interest at 6% per annum as directed by the judgment. KS 4281a-5, subsec. 2 (1930 Edition), and the present KRS 140.210.

We presume that the Chancellor was persuaded to adopt the incorrect method of computation by appellee's argument that since the amount of the tendered check referred to in our opinion on the first appeal had been so computed, we had tacitly, if not expressly, approved that method by referring to the amount of the tendered check as "the tax due calculated upon the valuations given," and by reversing the case for a "determination of the value of the assets for inheritance tax purposes." It is also argued by appellee that we likewise approved that method by not questioning it in our second opinion; but an inspection of these cases will show that the question of the proper method of calculating the tax was not touched upon, much less decided, from which we conclude that appellee's contention that the

erroneous method of computation resorted to cannot be disturbed on this appeal because of the "Law of the Case" rule, should be denied.

We think, however, that the Chancellor was correct in refusing to impose the penalty, since the Statute provided that it should not be charged in cases "where, by reason of claims made upon the estate, necessary litigation, or other unavoidable cause of delay, the estate of any decedent, or a part thereof, cannot be settled at the end of eighteen months from the death of the decedent"; and we are not prepared to say that the litigation referred to was unnecessary. Moreover, in an agreed order entered in the Circuit Court on January 15, 1943, it was stipulated, in submitting the case on the evidence previously taken and briefs thereafter to be filed, that in the event the Court found that additional tax liability existed, the Commonwealth, "due to delays in the office of the Department of Finance, does not and will not claim any interest during the period of time from March 22, 1933, to September 1, 1937." While the Commonwealth has abided by its agreement and is not claiming the penalty for the period from March 22, 1933, to September 1, 1937, the stipulation speaks eloquently of the fact that the appellee has not been responsible for all the delay in bringing this matter to a final determination. See Commonwealth v. Bingham's Adm'r, 187 Ky. 749, 220 S. W. 727; Bingham's Adm'r v. Commonwealth, 196 Ky. 318, 244 S. W. 781.

Judgment reversed with directions to enter a judgment in accordance with this opinion.

Whole Court sitting.