CASE 28—ACTION BY AUDITOR'S AGENT IN THE NAME OF THE COMMON-
MONWEALTH AGAINST MAHALA NUTE, TO HAVE CERTAIN PROPERTY
ASSESSED FOR TAXATION.—MARCH 25.

# Commonwealth v. Nute.

APPEAL FROM FLEMING CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS.   REVERSED.

TAXATION— ANNUITIES— AMOUNT    ASSESSABLE— PRESENT    WORTH —
BACK TAXES RECOVERY—CONSTRUCTION OF STATUTES—LIMITATION
—"ACTION."

| 115 | 239 |
| 115 | 296 |
| 115 | 239 |
| e118 | 389 |
| 115 | 239 |
| f119 | 215 |
| 115 | 239 |
| f125 | 343 |
| 126 | 650 |
| 115 | 239 |
| d128 | 277 |
| 115 | 239 |
| 136 | 430 |
| 115 | 239 |
| 137 | 70 |

Held:  1. Where a widow, entitled to dower in certain real estate,
conveyed her interest therein in consideration of an annuity of
$500 per year, the present worth of such annuity, or the actual
value of the obligation of the grantees  valued according to the
life tables, and not the annual payment, was the amount which
the widow was required to list for taxation.
2. Kentucky Statutes, section 2523, provides that limitations pre-
scribed by the chapter shall apply to the Commonwealth as well
as to private persons; and section 2515 declares that an ac-
tion on a liability created by statute, when no other time is
fixed, shall be commenced within five years after the cause of
action accrued.  Act May 23, 1890, p. 149, c. 1763, authorizes the
recovery of taxes which  could not be collected by ordinary
methods of distraint and sale, but limits such actions to taxes
assessed within five years; and section 4021 declares that the
State's lien on real estate for taxes assessed retrospectively is
barred after five years.  HELD, that since, under section 469,
providing that the term "action" shall include all proceedings in
any court, a proceeding by an auditor's agent to recover back
taxes on an annuity was an action, it was barred after five years
from the time when the property should have been assessed.

G. A. CASSIDY AND B. S. GRANNIS, ATTORNEYS FOR APPELLANT.

Mahala Nute having a life estate in a farm, which, according
to the life tables, was worth $4,000, sold in 1891, under a con-
tract by which the purchasers executed to her their obligation
to pay her on March 1, 1892, and each succeeding March 1 there-
after, so long as she lived, $500, which was secured by a lien on
the land retained in the deed.  The sole question on this appeal

is, shall that obligation be taxed. The county court and the circuit court held the contract too indefinite for taxation, and from this ruling this appeal is prosecuted.

Section 4053, Kentucky Statutes, requires the owner and the assessor to list *all* the estate owned, at the price it would bring at a fair voluntary cash sale, and we invoke this rule in fixing the value of the obligation.

The estimate is easily made. The farm has a fixed value for the purposes of taxation, and by reference to the life tables, the exact value of her life estate therein can be found at a glance.

On September 15, 1890, Mahala Nute was seventy years old, and according to the tables, her expectancy was 10.06 years, and her contract for future payments was as valuable as nine notes of $500 each, due March 1, 1892 to 1900, inclusive. Discount each of these notes for the time it would have to run and add the net values together and you have the value of the contract for September 15, 1890.

This calculation once made will hold good for each succeeding year so long as appellee lives, simply taking her expectancy as the number of payments. The fact that she sold the farm, and the purchasers have paid the taxes on the farm, does not exempt her from paying on the obligation which she got in payment.

If we are correct the court below erred, and this cause should be reversed with directions to assess.

JOHN P. McCARTNEY, ATTORNEY FOR APPELLEE.

It is admitted that the taxes on the land sold by appellee have all been paid by the owners. The price of $500 per year is the purchase price of the land and can not in any sense be construed in the light of an annuity. *The $500 which she received each year it is conceded, was listed by her in full when received, or so much of it as she had on hand on the 15th of September of each year after supporting herself.* She sent the assessor to the bank each year and listed all the money she had on each 15th of September, having her bank book squared on that day for that purpose.

An annuity is defined to be "a yearly payment of a certain sum of money granted to another in fee or for life, or for years, charging the person of the grantor only. It differs from a rent charge which issues out of lands and is a charge against them in the hands of the purchaser." Am. & Eng. Ency. of Law, vol. 1, p. 592.

Commonwealth v. Nute.

PETITION FOR REHEARING BY CASSIDY & GRANNIS, FOR COMMON-
WEALTH.

We concede that this proceeding is an *action* as contemplated
by our code and that to all actions under our present law some
statute of limitations apply.

We claim that the five years' statute does not apply to this
case, and that no particular statute applies directly, and hence
it is only covered by the *omnium gatherum* statute of ten years'
limitation.

This is not "an action upon a liability created by statute;"
it is only an action of inquiry for the purpose of learning
whether or not a liability exists, and until it is prosecuted to a
judgment, and the assessment made, no liability exists.

It is comparatively easy for a designing tax dodger to cover
up his investments for five years, whereas, death or changing
circumstances make it hard for him to continue the deception
for double that time.

WM. W. SPAULDING, ATTORNEY FOR COMMONWEALTH, ON PETITION
FOR REHEARING.

The opinion of the court in this case changes the law of lim-
itation as to retrospective assessments as it has stood for half
a century. It is in fact in direct conflict with the well settled
law as handed down by this court since the statute laws have
authorized retrospective assessments.

My contention is, that the *five year statute of limitations does
not apply to retrospective assessments of personal property.*

The opinion says that the doctrine enunciated is in con-
flict with the former opinions of this court, but says that most
of them were rendered when the statutes were different from
these that now exist, and some of them are mere dicta. It was not
therefore, as I take it, the intention of the court to overrule
these former decisions, but is simply, so the opinion holds, a
change of legislative intent.

*Stare decisis.* For fifty years under statutes like the ones
we now have, this court has held that the five year statute
did not apply to retrospective assessments. The law has be-
come settled. It has become well understood and accepted by the
lawmakers, the judiciary and the legal profession of the State.
I submit that it is not wise now to overturn all this, and re-
pudiate the doctrine that has obtained for half a century. No
one should profit by his own wrong. It is wrong to hide prop-
erty from assessing officers. The subject is the wronging party,

the State the one wronged, all because of the concealment of
the wronging party. For these reasons I join with co-counsel
for a rehearing.

### AUTHORITIES.

First proposition. Secs. 469, 2523 and 2515, Kentucky Stat-
utes; Act of May 23, 1890, sec. 4021, Kentucky Statutes; Stan-
ton's Rev. Stat. of Ky., ed. of 1860, chap 63, sec. 2, p. 127;
B. & J. Gen. Stat. of Ky., ed. of 1873, chap. 71, art. 3, sec. 2,
p. 629; B. & F.'s Gen. Stat. of Ky., ed. of 1881, chap. 71, art.
3, sec. 2, p. 629; Gen. Stat. of 1887, chap. 71, art. 3, sec. 2,
p. 891; B. & J. Gen. Stat. of Ky., ed. of 1873, chap, 21, sec. 27,
p. 247; B. & F. Gen. Stat. of 1881, chap. 21, sec. 27, p. 247;
Gen. Stat. of 1887, chap. 21, sec. 27, p. 295; sec. 2523, Ken-
tucky Statutes; L. & N. R. R. Co. v. Com., 1 Bush, 261; McAl-
ister's Exec. v. Com., 6 Bush, 581; L. & N. R. R. Co. v. Com.,
85 Ky., 210; sec. 4241, Kentucky Statutes; C. & O. S. W. R.
R. Co. v. Grayson County, 8 Ky. Law Rep., 878; Lewis & Mason
T. P. R. Co. v. Com., 8 Ky. Law Rep., 960; Louisville & Jeff.
Ferry Co. v. Com., 57 S. W., 624, 22 Ky. Law Rep., 446;
Same v. Same, 57 S. W., 626, 22 Ky. Law Rep., 481; sec. 245
of the Constitution.

Second proposition. Shellenberger v. Ransom, 25 L. R. A.,
566 (quoting 80 Ky., 309); Metropolitan Life Ins. Co. v. Trende,
53 S. W., 412; sec. 2519, Kentucky Statutes; sec. 2523, Ken-
tucky Statutes.

OPINION OF THE COURT BY JUDGE NUNN—REVERSING.

On the 3d day of April, 1901, the auditor's agent for
Fleming county instituted this action or proceeding in the
Fleming county court to have certain property belonging
to appellee assessed for taxation, alleging that she had
failed to assess the property as required by law. A trial
was had in the county court, and that court dismissed the
proceedings. The appellant appealed to the circuit court,
and another trial was had. On this trial the proof showed
the following facts: That appellee had, in each and every
year, at the proper time, listed her money and all property
owned by her, except the following annuity, obtained as
follows: She was the owner of a dower interest in 218
acres of land, and on the 20th day of August, 1890, she sold

and conveyed her interest therein to Charles Nute and J. B. Glasscock for and in consideration of the sum of $500, due and payable on the 1st day of March, 1892, and $500 each succeeding 1st day of March thereafter during the natural life of appellee.  It is conceded that she received $500 on the 1st day of March each year since that time on this contract, and paid the taxes thereon, or the balance on hand, on the 15th day of September each year.  The circuit court dismissed the proceedings, from which judgment appellant appeals to this court.

The appellant contends that the appellee should have listed for taxation for each of the ten preceding years the present worth or the actual value of the obligation of Nute and Glasscock, valued under the life tables.  We are of the opinion that the appellant was correct in its contention. The appellee should have listed this obligation according to its present value for each year according to the life table. If she had retained her dower interest in the land, she would have been compelled to pay the taxes on it, and this obligation represented her interest therein.  There is a very important question involved in this proceeding, and in cases of like character, and that is as to whether or not there is any law as to limiting the time for retrospective assessments of property for taxation.  This court is of the opinion that the statute laws of the State settle the question that limitations do apply, and that property can not be retrospectively assessed for taxation for more than five years from the institution of a proceeding like this.  Section 469 of the Kentucky Statutes is as follows:  "The term 'action,' when used in this revision, shall be construed to include all proceedings in any court of this Commonwealth." By this section it will be seen that this proceeding by the auditor's agent to back-assess for taxes is an action within

the meaning of the statutes. Section 2523 of the Kentucky statutes is as follows: "The limitations prescribed in this chapter shall apply to actions brought by or in the name of the Commonwealth, in the same manner as to actions by private persons, except where a different time is prescribed by some other chapter of this revision." Section 2515 of the Kentucky Statutes of the same chapter as the above section, in so far as applicable to the question before us, is as follows: "An action upon a liability created by statute, when no other time is fixed by the statute creating the liability, . . . shall be commenced within five years next after the cause of action accrued." Thus it will be seen, from the statutes quoted, that this proceeding is an action in the name of the Commonwealth, and for the benefit of the Commonwealth, and that the statutes of limitations run against it the same as against a private person; that a liability created by the statutes is barred after five years from the accrual of the cause of action or proceeding, and, there being no provision in the statutes prescribing a different time for the commencement of proceedings of this kind, the five-year rule must apply. And there can be no question but that this proceeding is to enforce a liability created by statute, and comes within the rule prescribed by section 2515 of the Kentucky Statutes. Section 4021 of the Kentucky Statutes declares that counties, cities, etc., shall have a lien on the property assessed for the taxes, which shall not be defeated by gift, devise, sale or alienation, unless the gift, devise, etc., shall have been made for more than five years before the institution of proceedings to enforce the lien; and it also says that, when any land shall not be assessed in any one year, it may be assessed retrospectively for that year at any time not later than five

Commonwealth v. Nute.

years thereafter, but the lien thereby accruing shall not thereby prejudice the rights of purchasers, acquired in the meantime or before the assessment. It will be observed that this section is preserving the State's lien for taxes and protecting innocent purchasers, and the sentence, "that land can be retrospectively assessed at any time not later than five years thereafter," simply declares, as to lands, the general limitation law on the subject. By an act approved May 23, 1890 (page 149, c. 1763, 'Acts 1889-90, vol. 1), the Commonwealth was given power to institute and maintain actions to recover all taxes which had accrued or might thereafter accrue on property which could not be collected by the ordinary methods of distraint and sale, for the purpose of enforcing the State's lien on the property, which for any reason could not be sold. This had reference to railroads, waterworks, wharf property, and other like property. Said act concludes as follows: "But no action shall be instituted upon any claim for taxes that has been assessed or might have been assessed more than five years before the commencement of same." As will be seen, this act authorizes an action for the purpose of collecting taxes due the State on property which could not be sold under the ordinary methods; and, as to this class of property, the five-year limitation was declared, which agreed with the general limitation law for the assessment of property for taxation. It will hardly be contended that the Legislature intended by section 4021 and the act of 1890, above referred to, to give lands and the property referred to in the act of 1890 a preference over other property. We can see no reason why the State, counties, etc., should be allowed to retrospectively assess for taxation money, notes, bonds, horses, mules, cattle and other personal property, without any limitation as to time, and be limited to five

**246**　　　　KENTUCKY REPORTS.　　　　[Vol. 115

years in retrospectively assessing lands, railroads, water-works, wharf property in cities, and other like property; and we do not believe that the statutes referred to will authorize any such construction. We are aware of several decisions of this court in the past holding or seeming to hold the contrary opinion, but the most of them were rendered when the statutes were different from those that now exist, and some of them were mere dicta. But all such as are in conflict with this opinion are no longer authority on the question herein decided.

For these reasons, the case is reversed, and the cause re-manded for further proceedings consistent herewith.

Whole court sitting.

Petition for rehearing by appellant overruled.