CASE 76.—PROCEEDING BY THE COMMONWEALTH BY THE SHERIFF OF BRACKEN COUNTY, AGAINST MARTHA A. RYAN'S EXECUTORS TO LIST CERTAIN OMITTED PROPERTY FOR TAXATION.—October 11.

# Commonwealth, ex rel. Cummins, Sheriff, v. Ryan's ex'r

Appeal from Bracken Circuit Court.

JAMES P. HARBESON, Circuit Judge.

Judgment for defendants, plaintiff appeals—Reversed.

1. Executors—Actions Against Executors—Statutory Provisions—Time to Sue—Limitations.—A proceeding by the sheriff in the county court under Ky. Stats. 1903, section 4241, to require the personal representatives of a deceased taxpayer to list property omitted from assessment, was not an action within Ky. Stats., 1903, section 3847, prohibiting the bringing of any action, other than to settle the estate, against a decedent's estate within six months of the qualification of its

personal representative; the proceedings being merely a manner of assessing property, and not in essence judicial.

2. Same—Suits by the Commonwealth. — Statutory provisions limiting the time within which actions can be brought against the personal representatives of a decedent do not apply to the commonwealth, unless by their express terms or their necessary implication it is clear they were meant to so apply.

M. J. HENNESSEY for appellant.

### AUTHORITIES CITED.

Ky. Stats., sections 3847, 2515, 2523, 4241; Cooley on Taxation, vol. 1, pp. 19, 21; Commonwealth v. Arnold, 80 Ky., 135; Commonwealth v. Nute, 72 S. W., 1090.

GEORGE DONIPHAN for appellee.

### AUTHORITIES CITED.

Session Acts 1906, ch. 22, p. 68, and especially 228· Ky. Stats., sections 3847, 4021, 2523, 4241, 3860, 469, 3870, 3871, 3872, 3873 and 3874; Chicago, St. L. & N. O. Ry. Co. v. Commonwealth, 115 Ky., 278, Gay, etc., v. City of Louisville, 115 Ky., 239; Commonwealth v. Nute, 72 S. W., 1090.

OPINION OF THE COURT BY CHIEF JUSTICE O'REAR—
Reversing.

This proceeding in the county court to require the personal representatives of a deceased taxpayer to list property which had been omitted from assessment was begun within a week or so after the taxpayer's death and the qualification of the executors of her will. It was dismissed because the court deemed it had been brought in violation of section 3847, Ky. St. 1903, prohibiting the bringing of any action other than to settle the estate against a decedent's estate within six months of the qualification of its personal representative. The circuit and county courts each took the position that the word "action"

used in section 3847 embraced this proceeding. If they were correct, then the effect is to stay the assessment of omitted-property which belonged to the taxpayers since deceased till at least six months after their death, no matter when the omission occurred. Section 469, Ky. St. 1903, construing terms used in the statutes, provides: "The term 'action,' when used in this revision, shall be construed to include all proceedings in any court in this Commonwealth." By virtue in part of this section, this court held that such proceedings were barred by limitation after five years, because "actions" based upon a statutory liability were specifically barred after that time, and applied by the terms of another statute to the Commonwealth, as well as to individuals. Chicago, St. Louis & N. O. Ry. Co. v. Commonwealth, 115 Ky. 278, 72 S. W. 1119, 24 Ky. Law Rep. 2124; Commonwealth v. Nute, 115 Ky. 239, 72 S. W. 1090, 24 Ky. Law Rep. 2138. A further study of the question presented in this case will shed light upon the legislative purpose in the enactment of the assessing and limitation statutes. The Constitution requires that all taxes shall be paid uniformly. The basis of every tax involves necessarily an assessment of the property subject to the tax. All property that is subject must pay the same rate for the same period, or the result would be not uniform. Legislation has made it the duty of the taxpayer to list his property with the county assessor for taxation. Sections 4023, 4064, Ky. St. 1903. Failing in this, several methods are then provided by any one of which the assessment may be made notwithstanding. One is for the assessor to make the assessment, if he has sufficient knowledge or can gather sufficient evidence. Section 4053, Ky. St. 1903. If he should

fail, then the county board of supervisors may make the assessment. Section 4120, Ky. St. 1903. These provisions and others by which the clerk of the county court upon complaint of the assessor may cite a recusant taxpayer to list his property before the county court. Section 4061, Ky. St. 1903. All refer to taxes of the year current with the act. The failure of any or all these officials and the taxpayer to act in no sense relieves the latter from his liability, nor exhausts the resources of the taxing authority to make a valid assessment. Assessments are required to be made as of the 1st of September. Article 2, section 4, p. 96, Acts 1906, for the ensuing year. The liability to assessment is fixed as of that date against the then owner. Chapter 130, section 1, p. 321, Acts 1904. The assessor is given until on or before the 1st day of January following to complete the assessment of his county. Article 2, section 19, p. 110, Acts 1906. Suppose the taxpayer died on September 2d, could not the county assessor or the board of supervisors make the assessment? If they were stayed for six months by virtue of this statute, they could not; for neither has authority over the matter for that length of time. Advancing the consideration another step, if the taxpayer fails to list the property, then it is deemed omitted property. By section 4241, Ky. St. 1903, it is made the duty of the sheriff of the county or of the auditor's agent to "cause to be listed for taxation all property omitted by the assessor, board of supervisors," etc. The section provides the manner of causing the omitted property to be listed. The official files a statement in the county clerk's office. A summons is issued upon it to the delinquent taxpayer. "At the next regular term of the county court after the notice has been

served for five days, if it shall appear to the county court that the property is liable to taxation, and has not been assessed, the court shall enter an order fixing the value thereof at its fair cash value, estimated as is required by law; if it is not liable he shall make an order to that effect."

Is this an "action" within every meaning of the statute? It has been held that the county court acts ministerially in assessing property under this statute. Baldwin v. Hewitt, 88 Ky. 673, 11 Ky. Law Rep. 199, 11 S. W. 803; Cassidy v. Young, 92 Ky. 227, 13 Ky. Law Rep. 512, 17 S. W. 485. So far the proceeding is in no sense different from that of any other assessing officer's action. If the assessment is made, then the taxes are collected, not under the judgment of the court, or by execution or by any process issuing out of the court, but by the collector of taxes as all other taxes are required to be collected. The proceeding then is an assessment only, pure and simple. There are only two features of section 4241 that seem to indicate that the proceeding is of that judicial character which was evidently in mind in the enactment of section 3847, supra. One is the expression: "From so much of the order of the court deciding whether or not the property is liable to assessment either party may appeal as in other civil cases." The other is the infliction of a penalty of 20 per cent, and costs upon the recusant. We think the expression just quoted means to describe the manner of prosecuting an appeal in the matter, rather than to classify it as a civil action. The infliction of the penalties is not a recovery against the taxpayer. It is not dependent upon the discretion of the court, or subject to be denied or abated. It is in the same category as the tax itself, imposed by the same authority, and collectible

at the same time and in the same manner. It is incurred the moment the offending taxpayer fails finally to list his taxable property with the proper assessing officer within the time allowed by statute, and attaches as a statutory liability just as the tax does. Nor does the proceeding in the county court affect the liability of the taxpayer for it further or in a different sense than if the assessment of the omitted property were then done by some other officer or tribunal. The inhibition of section 3847 is against proceedings that are judicial in their nature, not ministerial acts. The section reads: "Six months must run, after the date of the qualification of the first personal representatives of a decedent's esctate by a court of this Commonwealth, before an action shall be commenced against any executor or administrator thereof, except to settle the estate or against an executor de son tort. Any action brought in violation of this section shall be dismisssed." Now, suppose any interested party should move the county court to require the personal representatives to give additional surety on his bond (section 3839, Ky. Stats. 1903) or to file his inventory (which must be done within three months under section 3849, Ky. Stats. 1903) could not these proceedings be entertained within six months of the personal representatives qualification? What the Legislature had in mind in enacting section 3847 evidently was to allow the personal representatives a reasonable time within which to marshal the assets of the estate, so that it could be fairly and safely determined whether they were sufficient to pay all creditors in full, and, if not, to prorate the assets according to law. But taxes stand upon a different footing. They are not debts. They have priority over all debts and exemptions. The necessities of government require

their prompt payment. To that end drastic and summary methods of collection are provided. No delay is given a decedent's estate in paying taxes already assessed. Nor does the death of the taxpayer stay the collector from distraining immediately after the taxes are due. It is inconceivable, then, why the Legislature should have intended a suspension for six months of the right of the Commonwealth to complete its assessment against estates of deceased taxpayers when necessary to be done through the instrumentality of the county court, yet not suspend the assessment when done otherwise, or the collection of the taxes by distraint.

Provisions of this character are not deemed to apply to the Commonwealth, unless by the express terms or the necessary implication of a statute. The reason the limitation statutes of this State do apply to such proceedings is because the statutes expressly so provide. C., St. L. & N. O. Ry. Co. v. Commonwealth, supra, and Commonwealth v. Nute, supra

The judgment of the circuit court is reversed, and same remanded for further proceedings not inconsistent with this opinion