## Ritcher v. Commonwealth.

(Decided March 19, 1918.)

Appeal from Jefferson Circuit Court
(Chancery Branch, Second Division).

1.  Taxation—Inheritance Taxes—Five-year Statute of Limitation.—
    An action to collect an inheritance tax is an action upon a liability
    created by statute within the meaning of section 2515 of the Ken-
    tucky Statutes and is barred within five years next after the cause
    of action accrued.

2.  Limitation of Actions—Statute of—Inheritance Taxes.—Under sec-
    tion 2523 of the Kentucky Statutes providing that limitation runs
    against the Commonwealth, an action to recover an inheritance
    tax is barred in five years from the date the cause of action
    accrued.

3.  Taxation—Inheritance Taxes—When Collectible by Suit.—Under
    section 4281h of the statutes inheritance taxes retained by or paid
    to an executor, administrator or trustee must be paid over by him
    within thirty days thereafter, and suit may be brought to recover
    such taxes at the expiration of thirty days.

4.  Taxation—Inheritance Taxes—When Collectible by Suit.—Subject
    to the exception in section 4281h, inheritance taxes are not collect-
    ible by suit until eighteen months after the death of the decedent.

5.  Taxation—Inheritance Taxes—Liability of Executor, Administra-
    tor or Trustee.—An executor, administrator or trustee is liable on
    his official bond for an inheritance tax in every state of case
    without reference to whether or not the property subject to the
    tax comes into his possession or control.  His liability attaches if
    there passed to any person real or personal property of any kind
    or character subject to the tax through or out of the estate of
    which he is executor, administrator or trustee.

6.  Taxation—Inheritance Taxes—Executor, Administrator or Trustee
    —Remedies of to Collect Tax.—An administrator, executor or trus-
    tee having in charge any legacy or property for distribution may
    deduct the inheritance tax therefrom before paying over the money
    or delivering the property.  He may also sell so much of the
    property of the decedent as will enable him to pay the taxes.

7.  Taxation—Inheritance Taxes—Liability of Person Receiving Prop-
    erty.—Whether the person who receives the property subject to
    the tax can be proceeded against after the Commonwealth has
    exhausted its remedies against the executor, administrator or trus-
    tee, or whether the Commonwealth has a lien on the property sub-
    ject to the tax to secure its payment, are questions not decided.

8.  Taxation—Inheritance Taxes—Liability of Person Receiving
    Property.—Where there is no executor, administrator or trustee,
    the Commonwealth may proceed directly against the person re-
    ceiving the property subject to an inheritance tax and collect it
    from him.

9.  Taxation—Inheritance Taxes—Suit Against Person Receiving Prop-
    erty.—If there is an executor, administrator or trustee, a suit in

the first instance against the person receiving the property sub-
ject to the inheritance tax to recover it directly from him should
be dismissed.

BINGHAM, SLOSS, TABB & MANN and T. W. SPINDLE for
appellant.

M. J. HOLT for appellee.

Opinion of the Court by Judge Carroll—Reversing.

This case presents questions of law arising under
the inheritance tax statute and comes up in this way:
Edward B. Schieman died testate in Jefferson county,
Kentucky, on April 10, 1910. He was childless, and by
his will devised to his wife all of his personal estate
and two-thirds of his real estate, and to his sister, the
appellant, Mamie L. Ritcher, one-third of his real estate.
His will was probated on April 18, 1910, and on that
day the widow, who was nominated as executrix, quali-
fied. The widow and Mamie L. Ritcher could not agree
on a division of the real estate, and the widow brought
suit in the county court to have it divided. In this pro-
ceeding commissioners were appointed and filed their
report, dividing the estate between the widow and Mamie
L. Ritcher, on September 26, 1910, and their report was
confirmed on October 3, 1910, and on October 7, 1910,
a deed was executed pursuant to the report of the com-
missioners to Mamie L. Ritcher conveying to her the
estate allotted, and she took possession.

More than five years after the death of the deced-
ent, Schieman, and more than five years after the real
estate devised to Mamie L. Ritcher had been set aside
to her by commissioners and conveyed to her by proper
deed and possession of it surrendered to her, to-wit, on
April 6, 1916, the Commonwealth, by a revenue agent,
filed this suit seeking to recover from Mamie L. Ritcher
an inheritance tax on the real estate devised to her as
above stated, with penalties and interest thereon.

The lower court gave judgment against Mamie L.
Ritcher in favor of the Commonwealth for the amount
of tax sought to be recovered, and the interest and pen-
alties thereon, and she prosecutes this appeal.

It being conceded that the estate devised to Mamie
L. Ritcher was subject to the inheritance tax, a question
in the case is, when did the statute of limitation, which
was pleaded and relied on as a defense to the action,

begin to run, and what statute applies? This question, although not so material in the decision of the case for reasons that will later appear, should we think be disposed of.

It is provided, in part, in section 2515 of the Kentucky Statutes that "An action upon a liability created by statute, when no other time is fixed by the statute creating the liability . . . . shall be commenced within five years next after the cause of action accrued." And further provided in section 2523 of the Kentucky Statutes that "The limitations described in this chapter shall apply to actions brought by or in the name of the Commonwealth, in the same manner as to actions by private persons . . . ." We, therefore, think there can be no doubt that an action in the name of the Commonwealth to recover an inheritance tax is an action on a liability created by statute and so it must be brought within five years after the cause of action accrued. Commonwealth v. Nute, 115 Ky. 239; Louisville & Jeffersonville Ferry v. Commonwealth, 108 Ky. 717; Chicago, St. L. & N. O. Ry. Co. v. Commonwealth, 115 Ky. 278.

Now when does the statute begin to run against a suit brought by the Commonwealth to recover the tax? or, putting it in another way, when is the tax collectible by legal process, because the statute begins to run when the cause of action accrues? The solution of this question depends on the proper construction of the applicable parts of the inheritance tax law found in sections 4281a-4281t of the Kentucky Statutes.

The statute, in section 4281a, after describing what estate shall be subject to the tax, and the amount thereof, provides that "All administrators, executors and trustees shall be liable for any and all taxes until the same shall have been paid as hereinafter directed."

Section 4281d reads: "All taxes imposed by this chapter, unless otherwise herein provided for, shall be due and payable at the death of the decedent, and if the same are paid within eighteen months, no interest shall be charged and collected thereon, but if not so paid, interest at the rate of ten per centum per annum shall be charged and collected from the time said tax accrued: Provided, that if said tax is paid within nine months from the accruing thereof a discount of five per centum shall be allowed and deducted from said tax. And in all cases where the executors, administrators, or trustees

do not pay such tax within eighteen months from the death of the decedent, they shall be required to give a bond in the form and to the effect prescribed in section 4281b of this chapter for the payment of said tax, together with interest.''

Section 4281e reads: ''The penalty of ten per centum per annum imposed by section 4281d hereof, for the nonpayment of said tax, shall not be charged in cases where, by reason of claims made upon the estate, necessary litigation, or other unavoidable cause of delay the estate of any decedent, or a part thereof, can not be settled at the end of eighteen months from the death of the decedent; and in such cases only six per centum per annum shall be charged upon the said tax from the expiration of said eighteen months until the cause of such delay is removed.''

In section 4281f it is provided that ''Any administrator, executor or trustee having in charge or trust any legacy or property for distribution subject to the said tax, shall deduct the tax therefrom, or if the legacy or property be not money, he shall collect the tax thereon upon the fair cash value thereof, from the legatee or person entitled to such property, and he shall not deliver, or be compelled to deliver, any specific legacy or property subject to tax to any person until he shall have collected the tax thereon.'' The remainder of this section makes further provision as to the duties of an executor, administrator or trustee having in charge or trust any legacy or property.

Section 4281g gives executors, administrators and trustees power to sell so much of the property of the decedent as will enable them to pay the tax in the same manner as they may sell such property for the payment of debts due by the estate.

Section 4281h provides that whenever an executor, administrator or trustee retains or has in his hands inheritance taxes, he shall pay the same to the sheriff or collector of the county within thirty days thereafter.

In section 4281k it is provided that when the value of any devise subject to the payment of an inheritance tax is uncertain, the county court upon the application of any interested party, or upon his own motion, shall appoint an appraiser to fix the value and make a report thereof to the court, whereupon the court shall assess and fix the value and the amount of tax thereon.

In section 4281n it is provided that if it appears to the judge of the county court that any tax accruing under the provisions of this chapter has not been paid according to law, the clerk of his court shall issue a summons against the persons having an interest in the property liable to the tax to show cause why it should not be paid. The section then provides for hearing and judgment.

In section 4281o it is provided that "Whenever the sheriff or collector of any county shall have reason to believe that any tax is due and unpaid under the provisions of this chapter, after the failure or refusal of the persons interested in the property liable to said tax to pay the same, he shall notify the county attorney of the proper county, in writing, of such failure to pay such tax, and the county attorney so notified, if he has probable cause to believe a tax is due and unpaid, shall prosecute the proceedings in the county court, as provided in section 4281n of this chapter, for the enforcement and collection of such tax."

It will be observed that section 4281d provides that "All taxes imposed by this chapter, unless otherwise herein provided, shall be due and payable at the death of the decedent," and if there were no other provisions as to the time when such taxes should be due and payable, there could of course be no question that they became due and collectable at the death of the decedent, and the statute of limitation would begin to run against the Commonwealth on that date.

But there are other provisions that must not be lost sight of, giving time in which to pay the tax. For example, it is provided in section 4281h that "Every sum of money retained by an executor, administrator or trustee or paid into his hands, for any tax on property, shall be paid by him within thirty days thereafter, to the sheriff or collector of the county . . . ." Accordingly, it is clear that no action could be brought to recover from an executor, administrator or trustee taxes retained by him or paid into his hands until thirty days after the tax had been retained by or paid to him.

Another period for the payment of the tax is fixed in section 4281d, which provides: "That if said tax is paid within nine months from the accruing thereof a discount of five per centum shall be allowed and deducted from said tax." Now it seems plain that the legislature would not have allowed a discount of five per

centum if the tax was paid within nine months from the date when it was due, viz.: the date of the death of the decedent, if it intended or contemplated that a suit might be brought to recover the tax before the expiration of nine months, or that within nine months from the date of the death of the decedent the person owing the tax should be subjected to penalties for failing to pay it. It would be an absurd thing to say that a person owing taxes should be allowed a discount if he paid the tax within nine months from the time it fell due, and at the same time say that a suit might be brought against him to recover the tax with penalties and costs if it was not paid before the expiration of nine months.

And so we think that section 4281a allows the person owing the tax nine months in which to pay it, unless it become due and payable within thirty days on account of the existence of the conditions described in section 4281h.

And there is yet another period allowed for the payment of this tax, and that is fixed by section 4281d, providing that "If the same are paid within eighteen months, no interest shall be charged and collected thereon, but if not so paid, interest at the rate of ten per centum per annum shall be charged and collected from the time said tax accrued."

And even the period of eighteen months may be further extended if the provisions of section 4281e are applicable, as this section provides that "The penalty of ten per centum per annum imposed by section 4281d for the nonpayment of said tax, shall not be charged in case where, by reason of claims made upon the estate, necessary litigation, or other unavoidable cause of delay, the estate of any decedent, or a part thereof, can not be settled at the end of eighteen months from the death of the decedent; and in such case only six per centum per annum shall be charged upon the said tax from the expiration of eighteen months until the cause of such delay is removed."

Now in view of these provisions of the statute our conclusion is that although the tax is due and may be paid at any time after the death of the decedent it is not, subject to the exception to be presently noticed, collectible by coercive process until after the expiration of eighteen months from his death, and even this time may be extended if a state of facts such as are described in section 4281e arises. And no interest or penalties can

be charged or collected if the tax is paid within eighteen months, subject to the exception that whenever the tax is retained by or comes into the hands of an executor, administrator or trustee, it shall be paid by him within thirty days thereafter, as provided in section 4281h. This is the only state of case in which the tax can be collected by coercive process before the expiration of eighteen months from the date of the death of the decedent. Commonwealth v. Gaulbert's Admr., 134 Ky. 157.

The statute giving eighteen months, which may be extended when a state of facts described in section 4281e arises, is applicable in all cases and to every person owing the tax, except as we have said, to an executor, administrator or trustee who retains or has been paid the tax which must be turned over by him to the collecting authority within thirty days after it was retained by him or came into his hands.

It is also manifest, we think, that the legislature allowed eighteen months in which to pay the tax, subject to the exception stated, in order to give every person owing it reasonable time and opportunity in which to raise the money to pay the tax without subjecting him during this time to suits, penalties or costs. It is, of course, true that in many instances the tax could easily and conveniently be paid within less than this time, but in many other instances the settlement of the estate and the distribution of the property, whether real or personal, passing thereunder, might be so delayed that it would work a hardship or great inconvenience to require the tax sooner to be paid. But whatever the reasons that influenced the legislature in giving this time, a reading of the whole statute leaves no doubt in our minds that it did give this time, with the exception stated.

In the Gaulbert case, *supra,* we said that the action to recover the tax could have been brought in that case before the expiration of eighteen months, but this was only because that suit was brought to recover taxes that had been retained by the administrator and which he had failed to pay over after the expiration of thirty days from the time the taxes were retained by him or came into his hands. There is no conflict whatever between the views herein expressed and what was said in the Gaulbert case.

The next question is, is the executor, administrator or trustee only under a duty to pay the inheritance tax

on property, real or personal, that comes into his possession or control, or is he under a duty to pay the tax in every state of case, without reference to whether or not the property subject to the tax has come into his possession or under his control?

In answer to this our opinion is that the executor, administrator or trustee is liable for the tax in every state of case, without reference to whether or not the property subject to the tax comes into his possession or control. His liability attaches if there passes to any person real or personal property of any kind or character subject to the tax through or out of the estate of which he is the executor, administrator or trustee. In short, for the protection of the state and to certainly insure the payment of the tax; the statute has made the executor, administrator or trustee liable for the full amount of the tax due on any property belonging to the estate of which he is executor, administrator or trustee. We say this because it is provided in section 4281a, the first section of the act, that "All administrators, executors and trustees shall be liable for any and all taxes until the same shall have been paid as hereinafter directed." And for the purpose of protecting the executor, administrator or trustee from loss in the payment of this tax, the statute gives him ample power to enforce its collection by either retaining sufficient money to pay it or subjecting to its payment the property upon which the tax is due.

Thus it is provided in section 4281f that "Any administrator, executor or trustee having in charge or trust any legacy or property for distribution subject to the said tax, shall deduct the tax therefrom, or if the legacy or property be not money, he shall collect the tax thereon upon the fair cash value thereof, from the legatee or person entitled to such property. And he shall not deliver, or be compelled to deliver, any specific legacy or property subject to tax to any person until he shall have collected the tax thereon . . . ."

And in section 4281g it is provided that "All executors, administrators and trustees shall have full power to sell so much of the property of the decedent as will enable them to pay said tax, in the same manner as they may be enabled by law to do for the payment of debts of the estate . . . ."

So that if the property, real or personal, subject to the tax comes into the possession of or under the con-

trol of the executor, administrator or trustee, he may retain the possession and control thereof until he shall have collected the tax due thereon, and if the property, real or personal, does not come into his possession or control, as for example in this case, where it passed directly by the will of the testator to the devisee, he is given power to sell so much of the property so passing as will enable him to pay the tax.

It will thus be seen that the statute imposes no burden or hardship on the fiduciary. It tells him very specifically what he must do and how to do it. Besides, it fixes a responsibile and easily ascertainable party to whom the state may look for the tax, and thus insures its payment, because the executor, administrator or trustee is liable on his official bond for any failure to pay over the tax that is due.

It follows from this that in all cases the executor, administrator or trustee is primarily liable on his official bond for the payment of the tax, and that an action to recover it should be brought against him. Whether the person who receives property subject to the tax can be proceeded against after the Commonwealth has exhausted all of its remedies against the executor, administrator or trustee and failed to collect the tax, or whether the Commonwealth has a lien on the property subject to the tax to secure its payment, we do not decide. We may, however, say that in any case in which there is no executor, administrator or trustee to be looked to for the payment of the tax, the Commonwealth may proceed directly against the person receiving the property subject to the tax and collect it from him.

It results from these views that this proceeding was instituted against the wrong party. It should have been brought against the executrix and not Mamie L. Ritcher.

Wherefore, the judgment is reversed, with directions to dismiss the proceeding.