## Commonwealth, By etc. v. Lee's Trustee, et al.

(Decided January 24, 1919.)

### Appeal from Jefferson Circuit Court (Chancery Branch, Second Division).

1. Taxation—Inheritance Tax—Persons Liable.—An administrator is not liable for inheritance taxes unless the property came into its hands or .it was entitled to administer thereon.

2. Taxation—Inheritance Tax—Persons Liable.—Where a non-resident woman, by written agreement, delivered property to a trust company to hold and manage for her benefit, with a provision, that if the agreement was not terminated, or if she did not dispose of the property by will, it was to pass absolutely to those persons who, under the present statutes of descent in Kentucky, would be her heirs at law, a trust was created in favor of her heirs which the trustee had the right to discharge by direct payment to them, and in the absence of a showing that the general estate of the decedent, which came into the hands of the decedent's administrator in this state, was insufficient to pay the debts of the decedent due to citizens of this Commonwealth, the resident administrator had no right to administer on the trust property, and was not liable for the inheritance taxes.

3. Taxation—Inheritance Tax—When Payable—When Collectible by Coercive Process.—Though an inheritance tax may be paid at any time after the death of the decedent, yet subject to the exception that the executor, administrator, or trustee must pay the tax within thirty days after its retention or receipt by him, the tax cannot be collected by coercive process until after the expiration of eighteen months from the death of the decedent, and even this time may be extended, if by reason of claims made upon the estate, necessary litigation or other unavoidable cause of delay, the estate of the decedent, or a part thereof, cannot be settled at the end of eighteen months from the death of the decedent.

4. Abatement and Revival—Taxation—Inheritance Taxes—Another Action Pending—Dismissal.—A non-resident woman, owning securities situated in this state, died intestate. A resident administrator was appointed and the greater portion of her estate passed into its hands. A portion of her estate consisted of securities, placed in the hands of a trustee, with directions to pay the property to the intestate's heirs, under the statute of descent in Kentucky. Soon after the death of the intestate, the Commonwealth brought suit against her local administrator to collect inheritance taxes. The collection of taxes was suspended by necessary litigation. On the termination of the litigation, the trustee filed a proceeding asking for the appointment of an appraiser, in order that it might pay the inheritance taxes due on the trust estate. The next day, the Commonwealth filed a supplemental petition, making the trustee a party to the proceeding instituted by it

against the administrator. Before judgment was rendered in the latter proceeding, the trustee pleaded the pendency of the action which it brought for the same purpose: Held, that the suit against the administrator did not affect the trustee, and that no action was pending against the trustee until the institution of the supplemental proceeding against it; that the proceeding by the trustee, and the proceeding against it by the Commonwealth, involved the same cause of action, i. e., the liability of the trustee for inheritance taxes, and were between the same parties, to-wit: the Commonwealth and the trustee, and as the proceeding by the trustee was prior to that brought by the Commonwealth, the latter action was properly dismissed because of the pendency of the former.

MAT J. HOLT for appellant.

BARRETT, ALLEN & ATKISSON for Fidelity & Columbia Trust Company.

PERCY BOOTH for U. S. Trust Company.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

In April, 1912, Gertrude Belknap, a resident of Louisville, Ky., married Ronald C. Lee, a resident of New York. For a few months after their marriage they continued their residence in New York, but later on became residents of the state of New Jersey, where they were domiciled upon the death of Mrs. Lee, in January, 1913. No children were born of the marriage and Mrs. Lee left surviving her only her husband, two brothers and a sister. Mrs. Lee left a large personal estate, consisting of stocks, bonds and other securities which were held in Kentucky. Upon her death, her husband qualified as administrator in New Jersey, while the United States Trust Company qualified as her administrator in Kentucky. What is termed her general estate passed into the hands of the United States Trust Company. Another portion of her estate consisted of securities which she had placed in the hands of the Fidelity & Columbia Trust Company, with power to manage, control, invest and reinvest the property and pay to her the net income therefrom. The material provisions of this agreement are as follows:

"Third. This agreement may be terminated by mutual consent of the parties hereto at any time or upon sixty days' written notice by the party of the first part to said party of the second part of her desire that the

agreement shall be terminated and the securities and estate delivered back to said party of the first part, or as she may direct.

"Fourth. In the event that this agreement is not terminated by the parties, or either of them as herein provided, upon the death of the party of the first part, the estate so held in her behalf by said second party shall pass as may be directed by the last will and testament of the party of the first part, or by writing in the nature of a last will and testament, and in the absence of such will, the property shall pass absolutely to those persons who, under the present statutes of descent in Kentucky, would be the heirs at law of the party of the first part."

The foregoing agreement was never terminated and Mrs. Lee died intestate. A controversy arose between her brothers and sister on the one hand and her husband on the other, as to their respective shares in Mrs. Lee's estate, and within five months from the time of her death a suit was brought to settle the controversy. The chancellor adjudged that her husband was entitled to one-half of the estate, and her brothers and sisters to the other half. On appeal it was held that the husband was entitled to the whole of Mrs. Lee's general estate, but that the chancellor's ruling that he was entitled to only one-half of the trust property was proper, and on March 9, 1915, the judgment was reversed, with directions to enter judgment in conformity with the opinion. Lee v. Belknap, 163 Ky. 418, 173 S. W. 1129.

In the meantime the Commonwealth, by its revenue agent, had, on Agust 1, 1914, filed a proceeding in the Jefferson county court against the United States Trust Company as administrator of Gertrude B. Lee, to have her estate assessed and held liable for inheritance taxes, on the ground that her estate passed to her collateral kindred. To this proceeding the United States Trust Company filed an answer, pleading in substance that the estate of Gertrude B. Lee was in litigation, and that until the litigation was ended, it was impossible to tell whether any inheritance tax was due or not, and asked the court to postpone the appointment of an appraiser until it was determined whether or not the husband took the whole estate.

On March 12, 1915, the Fidelity & Columbia Trust Company filed, in the Jefferson county court, its petition, reciting the history of the litigation over Mrs. Lee's prop-

erly, the effect of the decision rendered in that case, and asked the appointment of an appraiser to ascertain and report the amount of taxes due, in order that it might discharge its duty. Thereupon, the court appointed an appraiser.

On the following day, the Commonwealth, by its revenue agent, filed an amended and supplemental statement in the proceeding theretofore instituted against the United States Trust Company, alleging that the Fidelity & Columbia Trust Company held in its possession, as agent and trustee of the estate of Gertrude B. Lee, personal property belonging to the estate, of the value of $30,000.00, which passed to the collateral kindred of the intestate and was subject to inheritance taxes. It further alleged that the Fidelity & Columbia Trust Company was a proper and necessary party to the proceeding and asked that a summons issue against it. To this proceeding the Fidelity & Columbia Trust Company, as trustee, filed an answer pleading the pendency of the action which it had brought for the same purpose, and the appointment by the county court of an appraiser, and asked that the action brought by the Commonwealth, by its revenue agent, be dismissed. On final hearing in the county court, the report of the appraiser was approved and confirmed and the Fidelity & Columbia Trust Company, as trustee for the decedent, was held liable for the amount of the inheritance tax going to the two brothers and sister of the decedent, together with the interest and penalty thereon at 10% per annum, from January 8, 1913, until paid, together with 20% penalty due the revenue agent as relator. On appeal to the circuit court the proceeding instituted by the Commonwealth on March 13, 1915, was dismissed, and the Commonwealth, by its revenue agent as relator, appeals.

(1) It is conceded that the general estate that passed into the hands of the United States Trust Company, the whole of which was payable to the husband of Mrs. Lee, was not subject to an inheritance tax under the statute then in force. Indeed, the sole purpose of this proceeding is to collect the inheritance tax due on what is called the trust estate. Clearly, the United States Trust Company could not be held liable for the inheritance tax on the trust estate unless it actually came into its hands, or it had the right to administer thereon. The agreement under which the property was held provided that if the agree-

ment was not terminated, or the property was not disposed of by will, the property was to pass absolutely to those persons who, under the present statutes of descent in Kentucky, would be the heirs at law of the party of the first part. Not only so, but the ruling of this court in Lee v. Belknap, *supra*, that the husband was not entitled to the whole of this portion of the estate under the New Jersey law, was based on the conclusion that, by the agreement, the property was impressed with a trust in favor of Mrs. Lee's heirs under the Kentucky statute of descent, and that the title passed to them under and by virtue of the agreement. That being true, the Fidelity & Columbia Trust Company, as trustee, had the right, as was adjudged by the lower court, to discharge the trust by paying the trust property directly to said heirs, and since it was not made to appear that the general estate, which came into its hands, was insufficient to pay the debts of the decedent due to citizens of this Commonwealth, it clearly follows that the United States Trust Company was not entitled to administer on the trust estate. Hence, there is no basis for the claim that the United States Trust Company is liable for the inheritance taxes due on any portion of the trust estate.

(2) While the inheritance tax may be paid at any time after the death of the decedent, yet, subject to the exception that the executor, administrator or trustee shall pay the tax within thirty days after it has been received or retained by it, it is not collectible by coercive process until after the expiration of eighteen months from the death of the decedent, and even this time may be extended if, by reason of claims made upon the estate, necessary litigation or other unavoidable cause of delay, the estate of the decedent, or part thereof, cannot be settled at the end of the eighteen months from the death of decedent, as provided in section 4281e, Kentucky Statutes. Richter v. Commonwealth, 180 Ky. 4, 201 S. W. 456. Here, the estate was involved in necessary litigation, and until that litigation terminated it was impossible to settle the estate, or to determine whether or not any inheritance taxes were due. The opinion of this court, disposing of the questions involved, was not handed down until March 9, 1915. On March 12, 1915, the Fidelity & Columbia Trust Company filed its petition asking for the appointment of an appraiser to ascertain and report the

amount of taxes due, in order that it might discharge its duty. Up to that time, no proceeding had been instituted against the Fidelity & Columbia Trust Company. Indeed, the tax was not collectible by coercive process until after the opinion of this court was rendered. The orig·inal suit·against the United States Trust Company was in no sense a suit against the Fidelity & Columbia Trust Company. It was an independent action to which the Fidelity & Columbia Trust Company was not a party, and could not in any way affect the latter's liability. Hence, the amended and supplemental statement, filed in the original action against the United States Trust Company, was in effect the institution of a new proceeding against the Fidelity & Columbia Trust Company. Before judgment was rendered in the supplemental proceeding against the trustee, the trustee pleaded the pendency of the former action which it had instituted. The two proceedings involved the same cause of action, namely, the liability of the trustee for inheritance taxes, and were in effect between the same parties, to-wit, the trustee and the Commonwealth. Under these circumstances the trial court did not err in dismissing the proceeding brought by the Commonwealth because of the pendency of the prior proceeding brought by the trustee for the same purpose.

Judgment affirmed.